## LEE v. COOK AND COREY.

CONSTRUCTION OF STATUTES.—A law passed either restricting the time of the commencement of an action or proceedings in an appellate court should be liberally construed and should take effect from the date of its passage. It should not be construed as retroactive, but as applying to future causes, and the courts should not permit it to injure the rights of involuntary and innocent parties.   The approved rule is ''that the new statute affects only cases which arise after it takes effect, leaving old cases subject to the old, new cases subject to the new act.''

ERROR to the District Court of Uinta County.

A motion was made by the defendants in error to dismiss the proceedings in error upon the grounds: First, that such proceedings were not commenced within one year from the entry of judgment, as required by the statute as amended; second, that the bill of exceptions was not signed and filed within the time prescribed by law.

*E. P. Johnson*, for the plaintiff in error, cited: Laws of Wyoming, 1877, 23; Civil Code, 522; 17 Wallace, 599; Cooley's Const. Lim. 286-87, 381-82; Civil Code, sec. 300; *Walton* v. *U. S.*, 9 Wheat. 651; *Irwin* v. *Brown*, 6 Ohio St. 12; 4 Ohio St. 500; Comp. Laws of Wyoming, 598.

*W. W. Corlett*, opposed, cited: Comp. Laws of Wyoming, 300, 303; Cooley's Const. Lim. 370; *Price* v. *Mott*, 52 Penn. St. 315-16; *Philadelphia* v. *Ferry*, R. C. 52, 177; *Marsh* v. *Chesnut*, 14 Ill. 223; *Thames Manufacturing Co.* v. *Lathrop*, 7 Conn. 550; *Warren R. R. Co.* v. *Belvedere*, 35 N. J. 584;

*Clark* v. *Hall*, 19 Mich. 356; Potter's Denarris, 163, 166; Cooley on Taxation, 221-22; *Sohn* v. *Waterson*, 17 Wallace, 596; *U. S.* v. *Heth*, 3 Cranch, 413; *Hawley* v. *Tyler*, 2 Wallace, 347; *Ross* v. *Duval*, 13 Peters, 62; *Lewis* v. *Lewis*, 7 Howard, 778; *Murray* v. *Gibson*, 15 Id. 421.

By the Court, Peck, J. The first objection alleged in the motion is, that the appellate proceedings was not instituted within a year after the rendition of the judgment below. That judgment was rendered on the twelfth day of February, 1877, the statute then in force limiting the period for the prosecution of appeals to this court at section 522, page 107 of the Comp. Laws, declared: "No proceeding for reversing, vacating or modifying judgments or final orders, shall be commenced unless within three years from the rendition of the judgment or making of that order."

The act of December 15, 1877, page 23 of the laws of 1875, substitutes one year in the place of three, in the prior act the liberal reading of its extended text, therefore, being: "No proceeding for reversion or vacating or modifying judgments or final orders shall be commenced, unless within one year from the rendition of the judgment or making of the order."

This act declares that it shall take effect from December 15, 1877. The present writ of error was issued on February 18, 1878. If the new statute is to be construed literally, it is to receive a retroactive operation, and the right of appeal upon the present judgment was barred on February 12, 1878, six days before the appellate writ was issued, if the statute is to receive a prospective operation, that right was not barred when the writ was issued.

The effect of retrospective remedies is inevitably to disturb the interests of involuntary and innocent parties, and to create general distrust of legislation. Hence, it is the violent presumption of the court, that whatever language a legislature may use in a remedial statute, it intends for the statute only a future operation, and the presumption will yield only when it is impossible to avoid a retrospective

operation. The courts uniformly agree in this principle, and whatever differences they may exhibit in its application, must be attributed to the purpose of adhering to, not of departing from, the principle. When the new statute was passed there were doubtless numerous judgments of the district courts of the territory as to which the first year from their rendition expired on December 15, 1877, or was so nearly expired on that day as to leave no opportunity for an appeal, provided the right of appeal was limited to a year from the rendition of the judgment. This construction bars the right of appeal upon these judgments, and turns the statute into simply capricious and oppressive legislation. Such mischief sufficiently illustrates the necessity and virtue of the principle above stated, and the duty of the courts rigidly to adhere to it. We see no reason for withholding the application of the principle from the present case.

Upon this subject, and to protect existing interests from disturbance by subsequent remedial legislation, the decisions constitute those general classes: all concurring in the rule, and differing only in the methods of adjusting and applying it. One of these classes holds that when claims have not been barred under the prior act, they are to be allowed a reasonable time under the subsequent acts before being barred by it, which time the court will determine; a class of decisions that is merely so much judicial legislation. Another class holds that the new statute shall operate from its date upon cases which, under the old, are unbarred, thus as to those cases giving the new statute operation, not from the accruing of the cause of action, a right of appeal as provided in the new act, but from the date of the act; a class of decisions which we cannot say accords with our view of sound reasoning, however much it may be our duty to respect them as imposing upon us a rule. The third of these classes holds that the new statute affects only cases which arise after it takes effect, leaving old cases subject to the old, new cases subject to the new

act, disturbing neither private interests nor public confidence, and adhering to the principle in its integrity. The case of *Sohn* v. *Waterson*, 17 Wallace, 596, presents a striking illustration of the tenacity with which the courts hold to the principle, and prescribes an imperative rule to this court. The case involved the construction of a Kansas statute reading: "All actions founded on a promissory note, bill of exchange, writing, obligatory bond, contract, judgment, decree, or other liability rendered beyond the limit of this territory, shall be commenced within two years next after the cause or right of action shall have accrued, and not after."

Sohn obtained a judgment against Waterson in 1854, in Ohio; the act was passed in 1859, and Sohn sued Waterson on the judgment, in Kansas, in 1876. Waterson pleaded the statute, Sohn demurred, and thus the question was brought before the United States supreme court. This expression in the statute, "All actions, or any cause of action, shall be commenced within two years after its accruing, and not after," plainly signified, by a correct non-professional reading, an unlimited comprehensiveness, and embraced as well past as future cases; but often the moral and actual intent of a statute is one thing, the presumed and legal another; and the latter is to be enforced by the courts from the necessities of justice. The Wyoming statute, however, does not seem to us to be justly obnoxious to this extreme remark, construed by its moral intent. It was plain that the Kansas act was simply a piece of vicious legislation, passed in the interest of repudiation; but, judged by its legal intent, it contemplated only a prospective operation. The supreme court of the United States, affirming the judgment below, held it to be prospective, operating from its date only; thus by constructions discarding one clause from the act and substituting another, converting the clause, "two years next after the cause or right of action shall have accrued," into the clause, "two years next after the act takes effect." In its reasoning, the court held that its

decision was necessary to keep the statute from impinging
upon the obligations of a contract; but that is only a part
of the objection which constitutes the boon of the prin-
ciple, that confines a limitation act to a prospective opera-
tion.   The spirit of the principle and the necessities of
justice equally demand that the act should not be allowed
to impinge upon any existing interests, though (true it is
that) the inconsistency of the methods adopted by the
courts to sustain the principle and prevent the mischief
consequent upon a retrospective operation, deprives the
principle of full effectiveness; but the courts, uniformly
and indiscriminately apply it to the protecting of all exist-
ing interests, whether embraced in, or represented by,
contracts, remedies, claims of public servants for com-
pensation, taxes, or other matters.   Moreover, the court, in
*Sohn* v. *Waterson*, did not confine the ground of its decision
to the objection that allowing to the Kansas statute retro-
spective effect would involve a conflict with the federal
constitution, but put it as well on the broad principle which
we have explained.   This is clear, both from the text of the
opinion and its citations.   We therefore hold that the first
objection presented by this motion is not well taken.

The second objection alleged in the motion is, that there
is in the record no bill of exceptions allowed or signed or
filed within the time prescribed for filing of a bill.   The
objection seems to assume, judging from the argument urged
in its support, that the signing of a bill which meant its
allowance and its filing are contemporaneous acts.   We re-
gard them as distinct and successive.   There appears in the
transcript what purports to be a bill of exceptions, under
the date and heading of the January term for 1877 of the
district court, setting forth all the proceedings below, from
the commencement of the trial to the allowance of the bill,
both inclusive, these proceedings embracing the judgment
and the bill signed and allowed in form.   Thus the tran-
script explicitly states that the bill was duly allowed at that
term and the term of the judgment.   Another part of the

27

transcript shows that the allowance must have been made as late as February 12, as on that day the motion for a new trial was decided and final judgment below rendered; but whether the allowance was made on or after that date does not appear, nor is its particular date in the term material. Enough appears to show that the bill was allowed in strict conformity with sections 300 and 303, at page 71 of the Comp. Laws. Hence the first ground of the second objection is not well taken, and the third objection, namely, that no bill of exceptions was allowed at the term of the judgment, in like manner is disposed of; this brings us to the remainder of the second objection, which relates to the filing of the bill. It appears that the term ended on February 16, and that the bill was not filed until June 20, 1877. Whether or not it was seasonably filed depends upon the construction to be given to the words "whereupon" in said section 303, which, after defining the case in which a bill of exceptions shall be presented for allowance, proceeds thus: "If true, it shall be the duty of the judge or court before whom the case was or is being tried to allow and sign it, whereupon it shall be filed with the pleadings, as a part of the record. The provision could not have intended a filing so instant with the allowance, a contemporaneous filing which would necessarily involve the idea of a statutory filing by operation of the statute.

The term "filing" in the text must mean what it means spread here in the statute, namely, an act of the clerk, and therefore an after act; and this is the more clear from the fact that under sections 300 and 303, the allowance may be made by the judge at chambers in term time or vacation where he is not usually or necessarily attended by the clerk, as he must be in open court; chamber business is constructively done at the court-house. It may actually be done anywhere within the district therefore at a point within it the remotest from the court-house; more or less of an interval must elapse between the allowance and its delivery to the clerk, no prejudice to the integrity of the allowance

in the meantime can be anticipated, because it is in the nature of a final order and must be retained by the judge for filing; and it is to be presumed that he will transmit it to the clerk for that purpose in due course. Again, "whereupon" as it stands in the text plainly imports subsequence, this is one of its lexicographic significations, it denoting sequence, succession, order of action, relation, something done with reference to something previously done, therefore subsequence. So too "whereupon," "upon which," "after which," are interchangeable terms. Hence the filing prescribed by section 303 is to be an act subsequent to the allowance, and when made takes effect as of the allowance. Thus the term "whereupon" means in the act no more than after which, and is intended to secure a prior allowance and subsequent filing of the exceptions. But how long and subsequent? Must it be forthwith, or may it be a long time prior to sending up the record, it being essential only to laying or completing the basis of an appeal. The statute is remedial and it is our duty to give to it an enlarged, unless compelled to give to it a narrow, construction. We can see no reason why a filing at any time intermediate the allowance, and the sending up of the record is not regular, and, therefore, hold that this ground of the second objection is not well taken.

The fourth and last objection alleged in the motion is that no assignment of errors was filed on the return of the writ of error. This objection depends upon the construction of the word "upon," in section 40 and page 59 of the Comp. Laws, which section declares that "the plaintiff in error shall, upon the return of the writ, file with the record an assignment of the errors complained of." "Upon" means at the time of or after a given thing. To hold that the statute imposes upon the plaintiff in error this duty to be performed contemporaneously with the return would be to defeat the statute because such a duty would be impracticable; the writ of error as returned necessarily, reaching the office of the appellate clerk, before its return can be known

to the plaintiff in error.• To hold that the assignment must be made forthwith after the writ has so reached that office, would be to impose a duty, often difficult and burdensome, and always unnecessarily particular for the desired purpose.

Nothing in the letter or object of the statute calls for this narrow construction, and it is our duty to give to it a liberal one, and to hold, and we do hold, that the errors may be assigned within a reasonable time after the return; therefore, at any time before argument, unless the court shall, by rule, prescribe an earlier but not a forthwith assignment.

The motion to dismiss is overruled.