**Earl A. BEMIS, Appellant (Employee-Claimant, below),**

v.

**TEXACO, INC. (Employer-Defendant, below), and Wyoming State Treasurer, Appellee.**

**No. 3414.**

Supreme Court of Wyoming.

May 11, 1965.

No appearance for appellant.

John F. Raper, Atty. Gen., Thomas A. Burley, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Appellee's basic contention in requesting rehearing is that this court in the initial opinion substituted its own conclusions that the injury "occurred in October 1963" for those of the district court that the "date of the injury was on or about May 29, 1954." Such contention is unwarranted since the district court in its order of award of January 15, 1964, stated that the employee "was injured on October 17, 1963, as a result of an accident of May 29, 1954," and did not in its later order of September 3 alter such statement. In the light of this circumstance, the argument in the petition for rehearing, all dependent on the unwarranted premise as to substitution of conclusions, is merely repetitious of argument previously submitted.

The need for clarification of the applicable law urgently suggested by appellee is not apparent, but since a need for guidelines has been voiced, it may be well to note that the holding in the present case is merely another application of the principle announced by us in Baldwin v. Scullion, 50 Wyo. 508, 62 P.2d 531, 108 A.L.R. 304, where, alluding to § 124–112, W.R.S.1931, the predecessor of § 27–107, W.S.1957, we

said that the term "injury" as it related to the limitation period for the filing of claims meant "compensable injury." We have now merely extended such principle to include the applicability of compensation statutes at the time of the "compensable injury." As we indicated in the initial opinion, this does not in any way relieve the employee of the burden to show the actual time of the compensable injury, its cause, and its relation to his employment at the time of injury. It goes without saying that our holding does not in any way effect a retroactive operation of any provision of the Workmen's Compensation Law.

Rehearing denied.