Claim of Kenneth L. EVANS, an employee of
Asbell Bros. Construction Co.

Everett T. COPENHAVER, Wyoming State
Treasurer, Appellant (Petitioner below),

v.

Kenneth L. EVANS, Appellee (Employee-
Claimant and Respondent below).

No. 3520.

Supreme Court of Wyoming.

July 18, 1966.

———◆———

William D. Norman, Sp. Asst. Atty. Gen.,
for appellant.

William K. Archibald, Deputy County
and Pros. Atty., Sheridan, for appellee.

Before PARKER, C. J., and HARNS-
BERGER, GRAY and McINTYRE, JJ.

PER CURIAM.

Mr. Evans, in the course of his employment with Asbell Brothers Construction Company, was run over by a roller on October 28, 1959, his right leg severely fractured and his back injured. From a date shortly thereafter when the employer gave notice of the accident until December 3, 1963, all of the reports of the workman's physician concerned themselves with the leg injuries, it being first stated that the fracture had resulted in permanent disability but thereafter there being a contrary determination. On December 4, 1963, the attending physician reported that the workman advised him there had been a back injury at the time of the October 1959 accident. The physician indicated that the workman presented symptoms of a herniated intervertebral disc, that X rays showed a marked degeneration of the lumbosacral intervertebral disc, and that there was a loss of the right ankle jerk with decreased sensation over the outer aspect of the right foot and limited straight leg raising on the right. The workman was fitted with a low back brace, but his physician said he might eventually require a laminectomy with removal of the disc and a fusion. On November 18, 1964, there was a laminectomy and spinal fusion. On May 18, 1965, the physician stated that the fusion was solid and that the workman could resume normal work. On November 22, 1965, the physician said he had discharged the patient from treatment on November 18, 1965, finding permanent disability of 10 percent of the body, and that the patient's only residual symptoms were sciatic irritation occasionally, which was rather severe at times and at other times did not interfere with his normal activities. The trial judge, upon the workman's application, ordered compensation awarded in the amount of $1,750, and immediately thereafter the state treasurer petitioned to reopen on the ground that the claimant's compensable injury became a fact on or about December 3, 1963, and that the award of $1,750 was the maximum amount allowable for disability under

the 1965 amendment to the Workmen's Compensation Law, whereas the statutes of 1963 should control the amount of payment. Thereafter, the matter was reopened and a hearing held, at which time the parties agreed that according to the affidavit of the attending physician were the physician present he would testify that subsequent to his December 1963 examination of the workman he was fitted with a back brace and surgery recommended; that after the December examination he had found his patient to have a 20 percent permanent partial physical disability based upon the back injury; that surgery was recommended for the workman's back injury when it was first discovered in December 1963; that the surgery was performed on November 18, 1964; and that when the workman was last examined on November 18, 1965, he determined a permanent partial disability in the amount of 10 percent. Mr. Evans was called by the petitioner as an adverse party and testified that he had injured his back on the day of the accident, but that his physician had thought the back would correct itself (the doctor allegedly having indicated at his initial examination, " 'We're going to take care of the leg first and then we'll take care of the back' "); and that after he had worn a back brace for two years his doctor had suggested surgery. Mr. Evans stated that he had suffered an impairment of his body motion during the period after this accident and at the time of the hearing because of his back. He also testified that in December 1963 he had not been advised by his doctor that he had a permanent partial disability and had not consulted with another physician, that starting in 1963 the back injury was paralyzing his leg, i. e., he was losing feeling in the injured leg. The trial judge found that the claimant's injury became compensable as of November 18, 1965, and that the award for permanent partial disability should be based on the rate as amended by c. 193, S.L. of Wyoming, 1965, and ordered the reinstatement and affirmance of his previous order.

From this order, the state treasurer appealed.

The appellant indicates his argument is limited to one issue: the contention that the district court erred in determining that appellee's injury became compensable as of November 18, 1965, and subsequently basing its award on the statute in effect as of that date. His position is that "appellee's compensable injury did not occur at the time the physician made his final disability evaluation but occurred at the time his back injuries became apparent, a brace was prescribed and surgery recommended and that this was the event that fixed the rights of the appellee under the law in force at that particular time." Appellant further states that he takes no issue with the facts as presented in the lower court but simply contends that the record shows that appellee's disability became a fact when he discovered that he had a herniated disc in his spine which would require an operation to cure, incapacitate him from working, and justify a compensatory award. Appellee's position is that the question posed by the appeal is one of fact, that the physician's statement at the time of the hearing regarding his finding 20 percent permanent partial disability immediately subsequent to his December 1963 examination is not consistent with the reports he filed contemporaneously, and that the appellant has failed to show that the trial court's finding of fact is clearly against the weight of the evidence.

Although under certain circumstances the date of a compensable injury and a determination of partial disability could be simultaneous, it is error to equate compensable injury with "determination of partial disability," which seems to be the position of both parties here. In Bemis v. Texaco, Inc., Wyo., 400 P.2d 529, 401 P.2d 708, 709, we emphasized that, in deciding the compensation statutes in effect at the time of a "compensable injury" applied in determining the amount to be paid, the employee was in no way relieved of the burden to show the actual time of the compensable

injury, its cause, and its relation to his employment at the time of injury. In the light of Mr. Evans' testimony at the hearing, and the ambiguity of the doctor's statement, we find no substantial evidence that this was an instance of an accident which "gradually and ultimately produced a compensable injury," [1] which would allow the payment of compensation based on any statute other than that in effect in 1959.

Reversed and remanded with instructions that the trial court amend its order in accordance with the holding of this opinion.

---

1. Baldwin v. Scullion, 50 Wyo. 508, 62 P.2d 531, 539, 108 A.L.R. 304.