Estelle LEGATE

v.

BITUMINOUS FIRE & MARINE INSURANCE COMPANY.

No. 7363.

Court of Civil Appeals of Texas, Beaumont.

June 7, 1972.

Stephenson & Thompson, Orange, for appellant.

Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

KEITH, Justice.

The appeal is from a summary judgment entered in favor of the defendant in a workmen's compensation proceeding. Plaintiff below sought recovery of death benefits because of the death of her husband from asbestosis, the recovery being sought under the provisions of the occupational disease sections of the Act, §§ 25 and 26, Art. 8306, Vernon's Ann.Civ.St.

It was established, as a matter of law, by the summary judgment proof: (a) deceased had been an asbestos worker for many years before he retired in January of 1964 when he began drawing his Social Security benefits at age 62; (b) during April and May, 1965, he resumed his work as an asbestos worker and was last employed in covered employment on May 17, 1965; (c) he first experienced symptoms of asbestosis in November, 1969, when a spot was found on one of his lungs; (d) he was hospitalized and died on February 13, 1970; (e) his widow learned for the first time that the cause of his death might have been asbestosis during November, 1970; and (f) the claim for compensation was filed with the Industrial Accident Board in January, 1971. It was established as a matter of law that Legate did not have incapacity before November, 1969.

Defendant's motion for summary judgment incorporated two reasons for its being sustained: (a) the incapacity or death of the decedent did not occur within three years after the last injurious exposure to such disease as required by § 25, Art. 8306, V.A.C.S.; and (b) plaintiff did

not file the claim for compensation within six months after the death of her husband nor did she show good cause, as a matter of law, in failing to so file such claim within the six-month period required by § 4a, Art. 8307, V.A.C.S. The court entered the judgment in favor of defendant without reciting the ground relied upon.

While we have grave doubt as to the sufficiency of plaintiff's single point upon appeal, we nevertheless consider the same because of the liberality of the rules governing briefs in this court. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943).

Being convinced that the trial court's action must be sustained under the provisions of § 25, Art. 8306, V.A.C.S., we forego a discussion of the alternative ground presenting the good cause question.

The occupational disease amendment to the Workmen's Compensation Law under which plaintiff proceeds in this case, § 25, Art. 8306, V.A.C.S., affords coverage for asbestosis only when ". . . incapacity or death results within three (3) years in the case of . . . asbestosis after the last injurious exposure to such disease in such employment, . . . " The widow and an adult son of the deceased both gave testimony as to decedent's last employment, which employment was more than three years before any evidence of incapacity appeared. The treating physician, who gave testimony by deposition, did not refer as to any illness or incapacity within the three-year period before decedent became ill. Indeed, as we read the plaintiff's brief upon appeal, no contention is made that the illness manifested itself by any symptom during that period.

Instead, plaintiff asserts that since asbestosis is an insidious disease, it is "almost impossible for the average medical practitioner to diagnose short of biopsy and pathological studies." Further, "Mr. Legate died with it [asbestosis], never knowing he had it, and his widow filed a claim promptly upon being advised that this was the cause of her husband's death."

From this premise it is argued: "It is difficult to believe that any law would require of those affected by it that a claim be filed before anyone had knowledge of the facts necessary to make such claim."

The statute creating the cause of action is clear and unambiguous and does not require any interpretation upon our part. Clearly, plaintiff was required to show that the disease manifested itself by causing either incapacity or death within three years after the last injurious exposure in order to recover. In this summary judgment proceeding defendant was required to establish as a matter of law that plaintiff could not recover under the statute. Gibbs v. General Motors Corporation, 450 S.W. 2d 827, 828 (Tex.Sup.1970).

Plaintiff cites to us Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949) and United States v. Reid, 5th Cir. 1958, 251 F.2d 691. *Urie* involved the Federal Employers' Liability Act and the Boiler Inspection Act, while *Reid* involved the Federal Tort Claims Act. Neither contains the language found in § 25, Art. 8306, V.A.C.S., quoted previously. In each of the cited cases, the statute of limitations was involved. Such is not our case—instead, the statute authorized a recovery only if incapacity or death resulted from the last injurious exposure within three years. We find neither case to be in point.

In seeking to recover in this case, plaintiff must of necessity rely entirely upon the occupational disease sections of the statute, which both create and measure that right. Rogers v. Traders & General Ins. Co., 135 Tex. 149, 139 S.W.2d 784, 785, 128 A.L.R. 1305 (1940). When we measure the right against the statute, it is apparent that no cause of action existed under the summary judgment proof in this case. Plaintiff had a right to recover under the statute if incapacity or death resulted within three years after the last in-

jurious exposure. The conclusive evidence showing that neither contingency ever came about, she had no cause of action.

But plaintiff urges upon us the doctrine of "liberal" construction of the statute so as to permit a recovery in the teeth of the very act under which she proceeds. She cites to us the annotation found in 11 A.L. R.2d 277, 300 (appended to *Urie*, supra), as authorizing such action to permit a recovery in this instance.

This court is already committed to the liberal construction of the occupational disease statute providing coverage for the employee whose incapacity or death is caused by asbestosis. Aetna Casualty & Surety Company v. Jennusa, 469 S.W.2d 423, 427 (Tex.Civ.App., Beaumont, 1971, no writ). However, we were not then considering the provision involved in this appeal. The answer to the contention of plaintiff as advanced is to be found in Second Injury Fund v. Keaton, 162 Tex. 250, 345 S.W.2d 711, 714 (1961), where the court said:

> "[W]e are not permitted to give a *liberal* construction where the law is expressed in plain and unambiguous language as here. We are not to look to the consequences of our action here in limiting the application of the statute to the exact words of the Act. Johnson v. Darr, 114 Tex. 516, 272 S.W. 1098." (emphasis in original)

Justice Garwood in Texas Employers' Insurance Ass'n v. Etheredge, 154 Tex. 1, 272 S.W.2d 869, 873 (1954), had this to say:

> "Sec. 25 [of Article 8306, V.A.C.S.], denies compensation where the incapacity first arises three years or more after the 'last injurious exposure * * * in such employment'."

We are not permitted, in the guise of interpretation, to rewrite the legislative enactment. Plaintiff's contention raised in this case, was also raised in the appropriate place—the Legislature of the State of Texas. The 62nd Legislature repealed §§ 25, 26 and 27 of Art. 8306, and amended § 20 so as to include occupational diseases within the term "Injury" and "Personal Injury." Acts 1971, 62nd Leg., p. 2539, ch. 834, § 1, effective August 30, 1971.

The parties are in agreement that the provisions of Section 3 of the 1971 Act operate to keep the prior law in effect as to all cases, including this one, wherein the alleged incapacity and death occurred prior to the effective date of amended § 20, supra.

Being required to follow and apply the law as it existed at the time of the onset of decedent's incapacity—and not the law adopted by the legislature thereafter—we must and do affirm the judgment of the trial court.

Affirmed.