STATE of Wyoming ex rel. DIRECTOR, WORKER'S COMPENSATION DIVISION, Wyoming State Treasurer, Appellant (Intervenor below),

WYO–DAK (Employer below) *

v.

Harold M. TALLMAN, Appellee (Employee-Claimant below).

No. 5007.

Supreme Court of Wyoming.

Jan. 17, 1979.

* Not a party to this appeal.

John J. Rooney, Atty. Gen., and Daniel E. White, Asst. Atty. Gen., signed the brief for appellant.

Gordon W. Schukei, Newcastle, signed the brief for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and GUTHRIE, Retired,** JJ.

RAPER, Chief Justice.

This appeal arose from an order of the district court awarding Worker's Compensation benefits to the appellee-employee, Harold M. Tallman, for a permanent partial disability caused by pulmonary fibrosis. The appellant, Wyoming State Treasurer, ex rel. Worker's Compensation Division (hereinafter Division), disputes the award and raises a number of issues on appeal.[1] The determinative question is whether the claim was barred by the applicable statute of limitations. We will reverse the order of award because it is barred by the statute of limitations. That being dispositive, we need not answer other issues.

The record shows that the proceedings in this case followed a tortuous path which we will not set out in detail. Employee worked in a bentonite processing mill from 1937 to 1948. During the years 1937–1939, he was exposed to heavy concentrations of bentonite dust while working as a sacker and to lesser concentrations of that dust when he worked outside the mill in the years 1940–1948. Employee left his job at the bentonite mill in 1948 to open his own business. He suffered some mild health problems shortly after leaving this employment but they subsided somewhat when he discontinued smoking. He was exposed to no other dust hazard in the years between 1948 and 1976. In 1976 it was determined that employee suffered from pulmonary fibrosis. Examining physicians found that the condition was probably caused by his exposure to bentonite dust in the years 1937–1948.

Employee filed a Worker's Report of Accident or Occupational Disease on July 21, 1976, at which time he was retired and 75 years of age. An Employer's Report of Accident or Occupational Illness or Disease was filed on October 18, 1976, by the Federal Bentonite Division of Aurora Metal Company.[2]

After some preliminary proceedings, the district court, on March 4, 1977, made and entered an order in pertinent part:

" * * * that the alleged injury is one that occurred over a substantial period of time; that at the time of exposure to the injurious condition the workmen's compensation act did not cover occupational diseases; that the employer and the subsequent employers, including Federal Bentonite Division—Aurora Metal Company, cannot now be bound by legislation enacted after the time of exposure to the injurious condition which may impose upon them liability that did not exist at

** At the time this case was submitted on briefs, while under advisement and at the time a decision was reached, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977. Rooney, J., did not participate.

1. The Division summarized them thusly:
   "I. The appellee's pulmonary fibrosis is an occupational disease and not an injury arising from accident.
   "II. The appellee's occupational disease was not compensable in 1948 on the date of last possible injurious exposure.
   "III. The appellee's occupational disease was not compensable under the original version of Wyoming's Occupational Disease Law (Chapter 200, Session Laws 1969).
   "IV. The 1975 Amendments to the Worker's Compensation Act may not be applied retroactively to alter the system of rights and liabilities in existence during the appellee's employment.
   "V. The employer of a worker to whom an award of compensation is made must bear either complete or partial liability for the payments made pursuant to such award."

2. Employee's report listed Wyo-Dak Chemical Company as his employer. Wyo-Dak Chemical had changed hands several times and Federal Bentonite Division of Aurora Metal Company as the owner of Wyo-Dak's assets at the time the employee's claim was filed.

the time of claimant's employment; that the statute of limitations for filing a claim as set forth in Section 27–349(b) of Wyoming Statutes, 1957 does not bar the claim of the employee-claimant in this matter; that the claim of the employee-claimant is within the time period for filing claim as set forth in Section 4 of Article 8 of the Wyoming Session Laws, 1975;[3] and further that if there is a later determination that the employee-claimant has a compensable injury then that injury shall be compensated from the Wyoming Industrial Accident Fund, and not from any of the employer-defendants funds.[4]

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that Wyo-Dak Chemical Company and all of the subsequent owners of its workmen's compensation account, including Federal Bentonite Division—Aurora Metal Company, be, and they are hereby dismissed as employer-defendants in this action.

"IT IS FURTHER ORDERED that the motion to dismiss the claim of the employee-claimant filed by the Wyoming State Treasuer [sic] ex rel Workmen's Compensation Department be, and is hereby denied.

"IT IS FURTHER ORDERED that the employee-claimant be examined by a physician qualified in the treatment and diagnosis of lung conditions, and said physician shall be selected by the employee-claimant from a list of such qualified physicians to be submitted to the employee-claimant by the State Treasurer ex rel Workmen's Compensation Department of the State of Wyoming." (Footnotes added.)

On January 18, 1978, an order of award was filed by the district court:

"* * * the court finds that Harold M. Tallman was injured while in the employ of Wyo-Dak Chemical Company, and that said injury was sustained while the employee was in the scope of his employment and while working in a covered occupation under the Workmen's Compensation Law of the State of Wyoming, and was not caused by the culpable negligence of said employee, and the court further finds that the employee suffered permanent partial disability to the extent of 20%, and that the medical reports filed herein establish that the injury arose out of and in the course of his employment, and further finds that full compensation benefits shall be awarded as by law provided to the employee-claimant as a result of said injury.

"IT IS THEREFORE ORDERED that the injury of the employee-claimant, Harold M. Tallman, occurred while employed by Wyo-Dak Chemical Company and was incurred while the employee was in the scope of his employment and in a covered occupation under the Workmen's Compensation Law of the State of Wyoming and that an award of 20% permanent partial disability shall be made to the employee and that all claims now and hereafter filed in this matter arising out of said accident of the employee, be, and hereby are ordered paid from the Wyoming State Industrial Accident Fund, and not from any of the employer-defendant's fund.[5]

"IT IS FURTHER ORDERED that the motion to dismiss the claim of the employer-claimant filed by the Wyoming State Treasurer, ex rel Workmen's Compensation Department, be, and hereby is denied." (Footnote added.)

3. Chapter 149, Article VIII, S.L.Wyo.1975:
 "Section 4. W.S. 9–82, 27–48 through 27–133, 27–135 through 27–191 and 27–288 through 27–309 are repealed, except that *as to injuries occurring before the effective* date of this act, compensation shall be awarded as provided in W.S. 27–79 through 27–94. In the case of injuries occurring over a substantial period of time, the date of occurrence

shall be the date of discovery of the injury by the employee."

4. The only matter we are addressing in this opinion is the statute of limitations. We neither approve nor disapprove of the other findings and conclusions discussed in this order.

5. See footnote 4, supra.

It is evident that employee's claim accrued in 1976 when it was determined he suffered from pulmonary fibrosis. Provisions of the Worker's Compensation Act in force at the time of injury govern. *In Matter of Injury to Barnes,* Wyo.1978, 587 P.2d 214; *Bemis v. Texaco, Inc.,* Wyo.1965, 400 P.2d 529, 530–531, reh. den. 401 P.2d 708.

In a Worker's Compensation case, a "cause of action" exists in favor of an employee at the time he received an injury arising out of an industrial accident occurring during the course of his employment. *Claim of Evans,* Wyo.1966, 417 P.2d 17; *Claim of Heil,* 1948, 65 Wyo. 175, 197 P.2d 692. Both parties agree that the statutes as they stood in 1976 were the proper reference for determining the rights of the parties. Section 4, ch. 149, S.L.Wyo.1975 (footnote 3, supra) and the 1975 act state that injuries which occur over a substantial period of time shall be deemed to have occurred on the date of discovery.

It is evident from the language used in § 4 that it is not a statute of limitations provision, but rather is a statement of what statutory provisions will apply dependent upon the date of occurrence of an injury. The district court properly determined and it is not disputed, that employee's injury was one that occurred over a substantial period of time as described in the last sentence of § 4 and that it *occurred* in 1976. The district court then looked to § 27–12–503(b), W.S.1977,[6] as the statute of limitations which governed this action but erroneously applied it. In order to clarify

our analysis of that limitations statute, we isolate each of the pertinent parts of § 27–12–503(b):

"*The right of compensation for injury* which occurs over a substantial period of time *is barred unless* a claim for benefits is filed with the clerk of the district court within one (1) year after a diagnosis of injury is first communicated to the employee, *OR* within three (3) years from the date of last injurious exposure to the condition causing the injury, "*WHICHEVER OCCURS FIRST,* * *.*" (Bracketed material and emphasis added.)

When a statute is clear in meaning, we need not resort to rules of construction. *Geraud v. Schrader,* Wyo.1975, 531 P.2d 872, cert. den.; *Wind River Indian Education Ass'n, Inc. v. Ward,* 1975, 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134.

The limitation is two-pronged. Under the first prong, an employee may file his claim within one year after the diagnosis of injury is communicated to him. Under the second prong, he may file his claim within three years from the last injurious exposure to the condition causing the injury. The crucial language is then "whichever occurs first." What did occur first in this case was the "expiration of three (3) years from the last injurious exposure to the condition causing the injury." Under this second prong, employee's claim is barred. There is no ambiguity; it is obvious from the words of the statute that the legislative intent of the second prong is to achieve exactly the result reached here,

---

6. Section 27–12–503. Statute of limitations.

"(a) No order or award for compensation involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time, shall be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The reports of an accident do not constitute a claim for compensation.

"(b) The right of compensation for injury which occurs over a substantial period of time is barred unless a claim for benefits is filed with the clerk of the district court within one (1) year after a diagnosis of injury is first communicated to the employee, or within three (3) years from the date of last injurious exposure to the condition causing the injury, whichever occurs first, excluding injury caused by ionizing radiation to which the three (3) year limitation does not apply. If death results from ionizing radiation within either of these periods, a claim must be filed with the clerk of court as provided within one (1) year after that date."

that is, to deny compensation for an injury (disease) which occurs over a substantial period of time if the claim is filed more than three years after the last injurious exposure.

Reversed.

ROSE, Justice, specially concurring, with whom McCLINTOCK, Justice, joins.

I agree with the result and reasoning of this decision, but I feel compelled to emphasize that I do so because I am not permitted, under the pretense of statutory interpretation, to rewrite a clear legislative enactment. See, *Legate v. Bituminous Fire & Marine Insurance Co.,* 483 S.W.2d 488 (Tex. Civ.App.—Beaumont 1972, writ refused n. r. e.). As stated by the appellant in *Legate:*

> " 'It is difficult to believe that any law would require of those affected by it that a claim be filed before anyone had knowledge of the facts necessary to make such claim.' "

Nevertheless, in *Legate* and in this case it becomes apparent that this is exactly what the statutes require. As noted in *Legate,* the legislature—which is the proper forum in which to address this problem—of the State of Texas did repeal a statute similar to that which we apply today. See, 1971 Tex.Gen.Laws, ch. 834, § 2. The ultimate decision on this problem is up to the legislature, but it is important to note that the claimant in this case does suffer from an occupational disease of which he could have had no possible knowledge until after the statute of limitations had run. I cannot conceive of legislation which is more unfair. I would hope the Wyoming Legislature would address the problem—forthwith.