In the Matter of the ESTATE OF Neal Otis BOYD, Deceased.

Corrine E. BOYD, Administratrix of the Estate of Neal Otis Boyd, Deceased, Appellant (Petitioner),

v.

Maxine HUNTER, Appellee (Respondent).

No. 5206.

Supreme Court of Wyoming.

Feb. 22, 1980.

Blair J. Trautwein of Hathaway, Speight & Kunz, Cheyenne, for appellant.

W. H. Vines (orally), and Karen Maurer of Jones, Jones, Vines & Hunkins, Wheatland, for appellee.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant-petitioner appeals from an order adjudicating a claim of appellee-respondent in the matter of the estate of Neal

Otis Boyd, deceased, which order apportioned to appellee one-half of the net proceeds from a settlement of a wrongful death action brought by appellant, individually and as administratrix of the estate. We affirm.

Appellant and appellee are the only heirs of deceased. Appellant is deceased's widow. Appellee is deceased's daughter by a former marriage. The death was a result of an accident involving an alleged defectively designed piece of machinery manufactured by Outdoor Marine Corporation; and on December 20, 1976, appellant was appointed administratrix of the estate for the purpose of bringing a wrongful death action against Outdoor Marine Corporation. At about the same time, such action was commenced in the U.S. District Court, District of Wyoming. In July 1977, and before trial, a settlement was reached in the amount of $122,000.00. When appellee refused to assign her interest in the proceeds of the settlement to appellant, appellant petitioned the court to adjudicate appellee's claim of interest therein. The foregoing facts are not in dispute.

Appellant contends that the trial court erred:

1. In its determination that the provisions of the wrongful death statute as they existed prior to a 1973 amendment, rather than as they existed thereafter, controlled the distribution of the proceeds from the settlement.
2. In finding that appellee did not relinquish her right to the proceeds from the settlement through waiver, estoppel or assignment.

### AMENDMENT TO WRONGFUL DEATH STATUTE

From 1909 to 1973, the portion of the wrongful death statute pertinent to this case provided:

" * * * Every such action shall be brought by, and in the name of, the personal representative of such deceased person; and the amount received in every such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intestate. * * * " Section 1–1066, W.S. 1957 (Ch. 3, § 1, S.L. of Wyoming 1909).

The statute was amended in 1973 to read in pertinent part:

"(a) Every action under section 1–1065 of the statutes shall be brought by, and in the name of, the personal representative of the deceased person.

* * * * * *

"(c) * * * Every person for whose benefit such action is brought, may prove his respective damages, and the court or jury may award such person that amount of damages to which it considers such person entitled, including damages for loss of probable future companionship, society and comfort." Section 1–1066, W.S. 1957, 1975 Cum.Supp. (Ch. 139, § 1, S.L. of Wyoming 1973).

Appellant contends that the statute as amended in 1973 controls the distribution of proceeds from the settlement of the wrongful death action because that action was instituted subsequent to the amendment. Appellee contends that the statute before the 1973 amendment controls such distribution because the cause of action accrued at the time of death in 1970 and " * * * [a]ll rights of action for the death of a person must depend upon the status of the law at the time of the injury * * *," citing for the quotation, *Thomas v. Cumberland Operating Company*, Okl., 569 P.2d 974, 976 (1977). The trial court agreed with appellee and found:

"1. That the Wrongful Death Statute as it existed prior to the 1973 Amendment controls the distribution of the proceeds in this case."

Since under the laws of intestate succession, § 2–3–101(a)(i), W.S.1977, formerly § 2–37, W.S.1957, appellant and appellee would share equally in the estate, the trial court ordered an equal division of the proceeds in question.

■ The determination of the trial court was proper. The 1973 amendment did not

have retroactive effect. The cause of action for wrongful death accrued at the time of the death of deceased. Appellee then acquired a right to a share of the proceeds of the action in accordance with intestate succession. The 1973 amendment did not divest her of this right. The right is a substantive right. The 1973 amendment contained no statement relative to retroactivity.

" * * * [R]etrospective application of a statute to events occurring before enactment of a statute is not favored. * * * " *Johnson v. Safeway Stores, Inc.,* Wyo., 568 P.2d 908, 914 (1977).

"We recognize the well established rule that statutes are not to be applied retroactively unless so provided therein, and this is especially true when substantive rights of parties are involved. * * * " *Bemis v. Texaco, Inc.,* Wyo., 400 P.2d 529, 530 (1965), reh. den. 401 P.2d 708 (1965).

" ' * * * The substantive law is that part which creates, defines, and regulates rights as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion. * * * ' *Mix v. Board of Com'rs of Nez Perce County*, 18 Idaho 695, 112 P. 215, 220. 'Courts generally agree in defining the terms "substantive" and "adjective" that "substantive" law creates, defines, and regulates rights as opposed to "adjective" or "procedural" law which provides the method of enforcing and protecting such duties, rights, and obligations as are created by substantive laws. * * * ' *In re McCombs' Estate,* Ohio Prob., 80 N.E.2d 573, 586." *State ex rel. Frederick v. District Court,* Wyo., 399 P.2d 583, 585 (1965).

As stated in the Annotation, 66 A.L.R.2d 1444, 1445 (1959):

"The rule generally recognized or applied by the cases in which the question has arisen is that a statute changing the manner and method of distributing the proceeds of a judgment or settlement for wrongful death will not be given a retroactive effect.

* * * * * *

"The rationale of this rule is that upon a death by wrongful act a right to participate in the damages recovered for the wrongful death vests in the persons entitled to such recovery under the wrongful death statute then in effect, and that they will not be deprived of this vested right by a subsequent amendment of the statute changing the manner or method of distributing the damages recoverable in such an action."

Finally, we note the provision of § 8–1–107, W.S.1977, which was originally enacted in 1913:[1]

"If a statute is repealed or amended, the repeal or amendment does not affect pending actions, prosecutions or proceedings, civil or criminal. If the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of action, prosecutions or proceedings existing at the time of the amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

Accordingly, the trial court properly applied the statute as it existed before the 1973 amendment in determining the proportion of the proceeds of the settlement from the wrongful death action to be received by appellee.

## ESTOPPEL, WAIVER OR ASSIGNMENT

At the time of the settlement of the wrongful death action, Outdoor Marine Corporation imposed as a requirement for such that appellee sign a release of all claims against it. Appellee did so, and she testified as follows with reference to the release being presented to her by the attorney for the estate:

"Q. What did he ask you to do?

"A. Well, we drove to my husband's office where he showed me this paper which was a release to the Outboard Ma-

---

1. Minor word changes in 1978 did not change the substance or meaning of the statute.

**1246**

rine Company releasing them from any further claims on my behalf against them for the wrongful death of my father.

"Q. Did he at that time explain to you that you might have an interest in that claim?

"A. None whatsoever. We discussed the fact that Corrine was certainly deserving of recieving [sic] something for my father's death and I agreed with that. I think that—I thought that was great.

"Q. Did he—

"A. But I had no interest in pursuing anything against the Outboard Marine Company.

"Q. Did he explain how wrongful death actions work?

"A. No.

"Q. Did he explain that you as an heir might be entitled to any part of that recovery?

"A. No.

"Q. Were there any other meetings between the attorneys representing the estate or Mrs. Boyd in this wrongful death action and yourself?

"A. None.

"Q. Did you, have any other correspondence with them?

"A. No.

"Q. Did you sign the original release?

"A. I did."

As previously determined, appellee had a right to share in the proceeds resulting from the wrongful death action or from the settlement thereof. The action for wrongful death was instituted by appellant as *administratrix of the estate.* Thus she was representing all of the heirs of the deceased.

"Under the Wyoming statutes it is plain that an action for death by wrongful act can be brought only by and in the name of the personal representative for the benefit of those who, under the state law, would share in the distribution of the deceased's personal estate in the event he died intestate * * *." *Tuttle v. Short,* 42 Wyo. 1, 17–18, 288 P. 524, 529 (1930).

Appellant's Petition for Letters of Administration listed appellee as one of the heirs of deceased and recited that it was for "the distribution of any proceedings [sic] obtained from a survival action brought on behalf" of deceased.

As a prelude to addressing the legal aspects of the application of estoppel, waiver or assignment to this case, we note that a distinction here exists between the claim which appellee may have had against Outdoor Marine Corporation and the right which appellee may have to receive the proceeds from an action against Outdoor Marine Corporation or from the settlement thereof.

■ Both appellant and appellee refer to the opinion in *Ramirez v. Metropolitan Life Insurance Company,* Wyo., 580 P.2d 1136 (1978), as properly stating the elements of waiver:

"* * * (a) existing right; (b) knowledge of that right; and (c) intent to surrender or relinquish it. * * *" 580 P.2d at 1138.

■ An assignment is an act or expression of intention by which one person causes to transfer, set over or vest in another a right of property or an interest therein. *Brewer v. Harris,* 147 Kan. 197, 75 P.2d 287 (1938); *Carr & Howard Construction Company v. Panhandle State Bank,* Tex.Civ. App., 347 S.W.2d 793 (1961); *Robinson v. City of Pine Bluff,* 224 Ark. 791, 276 S.W.2d 419 (1955). See Restatement of Contracts § 149(1) (1932).

"There is no occasion for any general discussion of the doctrine of equitable estoppel beyond the mention of two necessary elements on which it must be based. First, a party asserting the application thereof must show he lacked knowledge of the facts or was without means of discovering them. * * * A second element of equitable estoppel is the reliance upon the actions of the parties sought to be charged, and a showing of change of position in reliance thereon * * *." *Wood v. Trenchard,* Wyo., 550 P.2d 490, 493 (1976).

Appellant had knowledge of appellee's right to a portion of the proceeds or had means of discovery of such. Appellant's use of appellee's portion of the proceeds is not a change in position which will support an estoppel.

" * * * Estoppel should never be invoked as an instrument of gain or profit but should be confined to saving harmless or making whole the party in whose favor it arises. * * * " *Gay Johnson's Wyoming Automotive Service Co. v. City of Cheyenne*, Wyo., 369 P.2d 863 (1962).

The foregoing law supports the conclusions of the trial court[2] that appellee did not assign her interest in the proceeds of the settlement, did not waive her right thereto, and is not estopped to claim a proportion thereof.

An examination of the release reflects that it is only a release of claims against Outdoor Marine Corporation. It does not contain any language which could be interpreted as an assignment to appellant of interest in the proceeds of the settlement or as a waiver of appellee's claim to such proceeds. With reference to the existence of estoppel, when appellee signed the release she was unaware of her potential interest in the proceeds. She learned of this interest when she was requested to execute an assignment of interest, and she refused to execute it. Appellee's relinquishment of her right to a claim against Outdoor Marine Corporation and her expression of pleasure at the prospect of appellant receiving some payment for the death of appellee's father (appellant's spouse) is not a relinquishment or surrender of her right to share in the proceeds of the settlement. The elements of estoppel were lacking.

2. Since there is no material conflict of evidence relative to the occurrences and statements involved in this matter—the conflict being over the nature of appellee's intent and knowledge which resulted from, or which is evidenced by, such occurrences and statements, we treat the trial court's findings of estoppel, waiver and assignment as conclusions and not as findings of fact. Therefore, we examine these conclusions by the same standard as we examine

An application of the law to the evidence dictates an affirmance of the trial court.

Affirmed.

questions of law. *Wyoming Farm Bureau Mutual Insurance Company v. May*, Wyo., 434 P.2d 507 (1967). If such were treated as findings of fact, affirmance of the trial court would definitely result since one would afford such findings the presumption of correctness and not disturb them unless clearly erroneous or against the great weight of the evidence. *Shores v. Lindsey*, Wyo., 591 P.2d 895 (1979).