**WYOMING REFINING COMPANY, Appellant (Defendant-Employer),**

v.

**Clarence A. BOTTJEN, Appellee (Plaintiff-Employee).**

No. 84–182.

Supreme Court of Wyoming.

Feb. 22, 1985.

Rehearing Denied March 19, 1985.

Stanley K. Hathaway and Rick A. Thompson of Hathaway, Speight & Kunz, Cheyenne, for appellant.

Donald B. Hansen of Jones, Dumbrill & Hansen, Newcastle, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

This appeal results from the award of worker's compensation benefits to appellee Clarence A. Bottjen some ten years after exposure to the condition which caused the ailment. Appellant-employer Wyoming Refining Company contests the award, contending appellee's claim is barred by the statute of limitations. We agree with appellant and reverse.

Appellant raises two issues:

"I. Did the district court err in awarding worker's compensation benefits since the appellee-employee's claim was barred by the statute of limitations?

"II. Is revival and reinstatement of the employee's previously barred claim for worker's compensation benefits, by retrospective application of an amended statute of limitations, unconstitutional?"

Since we hold appellee's claim was barred by the applicable statute of limitations, we need not address appellant's second issue regarding the constitutionality of reviving a previously barred claim.

The facts are not in dispute. Appellee worked at a refinery from 1956 to 1971. During that time, the refinery was owned by Sioux Oil Company and later by Tesoro Oil Company. Appellant purchased the refinery in 1977, some six years after appellee worked there. Appellant assumed the worker's compensation accounts of its predecessors upon purchase of the refinery.

On December 27, 1982, appellee learned that he suffered from asbestosis as a result of exposure to asbestos during his fifteen-year employment at the refinery. On June 17, 1983, appellee filed a claim for worker's compensation, which was awarded by the district court.

The cause of action of an injured employee accrues at the time of an injury occurring during the course of his employment. *State ex rel. Director, Worker's Compensation Division v. Tallman,* Wyo., 589 P.2d 835 (1979); *Claim of Evans,* Wyo., 417 P.2d 17 (1966); *Claim of Heil,* 65 Wyo. 175, 197 P.2d 692 (1948). Therefore, appellee's claim is governed by the laws in effect at the time of the injury. In the *Matter of Barnes,* Wyo., 587 P.2d 214 (1978), and *Bemis v. Texaco,* Wyo., 400 P.2d 529 (1965), reh. denied 401 P.2d 708 (1965). As stated above, appellee learned of his condition on December 27, 1982.[1] The applicable statute of limitations in effect at that time read:

"(a) No order or award for compensation involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time, shall be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The reports of an accident do not constitute a claim for compensation.

"(b) The right of compensation for injury which occurs over a substantial period of time is barred unless a claim for benefits is filed with the clerk of the district court within one (1) year after a diagnosis of injury is first communicated to the employee, or within three (3) years from the date of last injurious exposure to the condition causing the injury, *whichever occurs first,* excluding injury caused by ionizing radiation to which the three (3) year limitation does not apply. If death results from ionizing radiation within either of these periods, a claim must be filed with the clerk of court as provided within one (1) year after that date."

---

1. In an instance involving a latent disease, such as this, we treat the date of diagnosis as the date of injury for purposes of determining when the statute of limitations commences to run.

(Emphasis added.) Section 27–12–503, W.S.1977.

The above statute, amended in 1983, now reads:

"(a) No order or award for compensation involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time, shall be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The reports of an accident do not constitute a claim for compensation.

"(b) The right of compensation for injury which occurs over a substantial period of time is barred unless a claim for benefits is filed with the clerk of the district court within one (1) year after a diagnosis of injury is first communicated to the employee, or within three (3) years from the date of last injurious exposure to the condition causing the injury, *whichever occurs last,* excluding injury caused by ionizing radiation to which the three (3) year limitation does not apply. If death results from ionizing radiation within either of these periods, a claim shall be filed with the clerk of court as provided within one (1) year after the date of discovery." (Emphasis added.) § 27–12–503, W.S.1977 (June 1983 Replacement).

The only significant change in the new statute which became effective on May 27, 1983, is from the phrase "whichever occurs first" to "whichever occurs last" in subsection (b).

▮ The law in effect at the time appellee became aware of his condition in December of 1982 was the old version of § 27–12–503, W.S.1977, quoted above. That law required a claim to be filed within one year after the appellee was informed of the injury or within three years from the date of the last injurious exposure which caused the condition, whichever occurred first. Appellee was informed of his condition in 1982; the last injurious exposure to the asbestos which caused the condition was in 1971. Therefore, what occurred first was appellee's exposure to asbestos from 1956 to 1971. Appellee's claim is barred since it had to be brought within three years of the last injurious exposure in 1971, or by 1974.

We were faced with a similar situation in the case of *State ex rel. Director, Worker's Compensation Division v. Tallman,* supra. In that case, an employee was diagnosed as having pulmonary fibrosis as a result of exposure to bentonite dust while working in a mill from 1937–1948. In 1976, it was determined the employee suffered from pulmonary fibrosis and made a claim for worker's compensation. We held his claim was barred under § 27–12–503, W.S. 1977, and stated:

"It is evident that employee's claim accrued in 1976 when it was determined he suffered from pulmonary fibrosis. Provisions of the Worker's Compensation Act in force at the time of injury govern. [Citations.]

"In a Worker's Compensation case, a 'cause of action' exists in favor of an employee at the time he received an injury arising out of an industrial accident occurring during the course of his employment. [Citations.]

\*    \*    \*    \*    \*    \*

"The limitation is two-pronged. Under the first prong, an employee may file his claim within one year after the diagnosis of injury is communicated to him. Under the second prong, he may file his claim within three years from the last injurious exposure to the condition causing the injury. The crucial language is then 'whichever occurs first.' What did occur first in this case was the 'expiration of three (3) years from the last injurious exposure to the condition causing the injury.' Under this second prong, employee's claim is barred. There is no ambiguity; it is obvious from the words of the statute that the legislative intent

of the second prong is to achieve exactly the result reached here, that is, to deny compensation for an injury (disease) which occurs over a substantial period of time if the claim is filed more than three years after the last injurious exposure." *State ex rel. Director, Worker's Compensation Division v. Tallman,* supra, at 838–839.

■ There is no dispute that the result would be different under the new version of § 27–12–503, W.S.1977 (June 1983 Replacement), which has been in effect since May 27, 1983. We cannot, however, apply the statute retrospectively in the absence of clear legislative intent:

" * * * [I]n the absence of a clear manifestation of legislative intent to the contrary, statutes of limitation are construed as prospective and not retrospective in their operation, and the presumption is against any intent on the part of the legislature to make such a statute retroactive. Thus, rights accrued, claims arising, proceedings instituted, orders made under the former law, or judgments rendered before the passage of an amended statute of limitations will not be affected by it, but will be governed by the original statute unless a contrary intention is expressed by the legislature in the new law." 51 Am.Jur.2d Limitation of Actions § 57, p. 635 (1970).

In *Mustanen v. Diamond Coal & Coke Company,* 50 Wyo. 462, 62 P.2d 287 (1936), we held that a 1935 amendment to a worker's compensation statute enlarging the employee's right to recover benefits should not apply retrospectively to a claim from an injury occurring in 1930. We followed the general rule that ordinarily a statute has prospective application only.

" * * * As early as 1878, speaking of a statute of limitations, this court, in *Lee v. Cook,* 1 Wyo. 417, stated: 'The effect of retrospective remedies is inevitably to disturb the interests of involuntary and innocent parties, and to create general distrust of legislation. Hence, it is the violent presumption of the court, that whatever language a legislature may use

in a remedial statute, it intends for the statute only a future operation, and the presumption will yield only when it is impossible to avoid a retrospective operation.' The rule is applicable to workmen's compensation cases. * * * " Id., 50 Wyo. 477, 62 P.2d 292.

Furthermore, we think a decision to the contrary would be in derogation of § 8–1–107, W.S.1977 (August 1978 Replacement), which reads:

"If a statute is repealed or amended, the repeal or amendment does not affect pending actions, prosecutions or proceedings, civil or criminal. If the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of action, prosecutions or proceedings existing at the time of the amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The obvious thrust of this statute is to foreclose retrospective application of the new version of § 27–12–503 in this case. See also, *Matter of Estate of Boyd,* Wyo., 606 P.2d 1243 (1980).

In sum, the language of § 27–12–503, W.S.1977, in effect at the time of the injury is clear and unambiguous. Appellee's claim had to be brought within three years of the date of his last injurious exposure to asbestos. We are sympathetic to the unenviable position he was placed in under the old statute of limitations. We believe this is the kind of situation the new statute was designed to alleviate. However, we are not at liberty to apply the new statute retrospectively under established principles of law absent clear legislative manifestation. Such would be an invasion of the legislative province.

Reversed.

CARDINE, Justice, dissenting, with whom ROSE, Justice, joins.

I dissent.

Appellant was an insulator employed at appellee's refinery at Newcastle, Wyoming. For fifteen years he insulated pipelines at the refinery using asbestos materials. His last exposure to asbestos was in 1971. He was first diagnosed as suffering from asbestosis in December 1982. It was undisputed that his condition resulted from and during the course of his employment.

The statute governing the filing of worker's compensation claims in effect in 1971, § 27–12–503, W.S.1977, required that his claim be filed within three years after the last exposure to the substance causing injury or within one year after its diagnosis and communication to the worker, "whichever occurs first."

Justice Raper, in *State, ex rel. Director, Worker's Compensation Division v. Tallman*, Wyo., 589 P.2d 835, 838 (1979), discussing the statute, stated:

"The limitation is two-pronged. Under the first prong, an employee may file his claim within one year after the diagnosis of injury is communicated to him. Under the second prong, he may file his claim within three years from the last injurious exposure to the condition causing the injury. The crucial language is then 'whichever occurs first.' What did occur first in this case was the 'expiration of three (3) years from the last injurious exposure to the condition causing the injury.' Under this second prong, employee's claim is barred."

And Justices Rose and McClintock, in a specially concurring opinion, stated:

"[Employee] in this case does suffer from an occupational disease of which he could have had no possible knowledge until after the statute of limitations had run. I cannot conceive of legislation which is more unfair. I would hope the Wyoming Legislature would address the problem—forthwith."

The legislature did address the problem when it amended § 27–12–503, W.S.1977, to provide for the filing of a claim of this kind within three years after the last exposure or one year after diagnosis and communication of the fact of injury, whichever occurred last. This amendment became effective May 27, 1983. On June 17, 1983, which was within one year after the diagnosis of appellant's injury and after the effective date of the amendment to the statute, appellant filed his claim for worker's compensation. The trial court allowed the claim and awarded the worker compensation for his injury.

I would affirm the trial court's decision. Section 27–12–503(b), W.S.1977, as amended and in effect prior to appellant filing his claim, provided as follows:

"The right of compensation for injury which occurs over a substantial period of time is barred *unless a claim for benefits is filed with the clerk* of the district court within one (1) year after a diagnosis of injury is first communicated to the employee, or within three (3) years from the date of last injurious exposure to the condition causing the injury, *whichever occurs last* * * *."  (Emphasis added.)

What occurred last in this case was the diagnosis and communication of the fact of injury to the worker during December 1982. The amended statute, § 27–12–503(b), supra, became effective May 27, 1983. The statute provided that a claim such as the one presented by appellant could be filed within one year from the date of diagnosis and communication of the fact of injury. Appellant filed his claim on June 17, 1983, which was after the effective date of the statute and within the one-year period provided by the State for filing.

It seems clear to me that this holding would be in accord with the intent of the legislature, that is that legitimate claims for injuries to workers in their employment be paid by worker's compensation. It afforded the worker one year from the date he became aware of his injury to file his claim. Appellant here became aware of his injury during December 1982 and filed his claim June 17, 1983. The claim was filed within the one-year period allowed. It seems plain that the legislature amended the statute at our urging to provide worker's compensation coverage in the very sit-

uation presented by this case. This claim and all other claims diagnosed and made known to a worker in the future will be governed by the amended statute, § 27–12–503(b), supra, and subject to a new one-year limitation period for filing. This proposed construction of the amended statute is just and reasonable.

The general law, as stated in 51 Am. Jur.2d Limitation of Actions § 57, in discussing the legislative intent and the adoption of a statute relating to periods of limitation, provides:

"[I]t is within the power of the legislature to pass a statute of limitations, or to change the period of limitation previously fixed, and to make such statute or changes applicable to existing causes of action, provided a reasonable time is given by the new law for the commencement of suit before the bar takes effect."

The analysis of the majority opinion would require that appellant's claim be filed during 1974 or be forever barred. In 1974, appellant's injury had not been diagnosed; he was not aware that he would in the future be suffering from asbestosis, and he could not have filed a claim which at that time did not exist. This result does not comport with the intent of the legislature when it amended § 27–12–503(b), supra.

"In the construction of statutes of limitation, the courts may, where the legislature has not sufficiently manifested its intention, consider the reasonableness of the result of a particular construction in the light of the practical effect of the adoption of a different construction." 51 Am.Jur.2d Limitation of Actions § 52.

This amended statute is clear on its face and provides for the filing of claims for a period of one year from diagnosis of the injury and communication of that fact to the worker. This claim was filed within that period of limitation. The statute, as I construe it, operates presently upon claims still alive and within one year of May 27, 1983, but does not operate retroactively because any injury discovered and diagnosed prior to May 27, 1982, would be barred and not subject to filing with the clerk of court under the provisions of § 27–12–503(b), as amended.

For the reasons stated, I would affirm the decision of the trial court.