**MERIDIAN AGGREGATES COMPANY,**
**Appellant (Petitioner),**

v.

**WYOMING STATE BOARD OF**
**EQUALIZATION, Appellee**
**(Respondent).**

No. 91–158.

Supreme Court of Wyoming.

March 4, 1992.

Lawrence J. Wolfe and Matthew H. Thomas, Holland & Hart, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Michael L. Hubbard, Sr. Asst. Atty. Gen., Mary L. Scheible, Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY, and GOLDEN, JJ.

THOMAS, Justice.

The only question in this case is whether an amendment to the statute that provides for the filing of claims for refunds of sales taxes, which reduced the time for filing such claims from three years to one year, would bar a claim that had been accrued for less than three years, but more than one year, at the effective date of the amendment. The Wyoming Department of Revenue denied the claim for refund on the ground that it was not filed within one year after the claim accrued. Meridian Aggregates Company (Meridian) appealed that ruling to the Wyoming State Board of Equalization (Board), which issued a ruling affirming the Department of Revenue. After appeal to the District Court, the case was certified to this court in accordance with W.R.A.P. 12.09. We hold that Meridian had one year after the effective date of the amendment to the claims filing statute to file its claim for refund so long as it was filed within the three-year period. The decision of the Board is reversed and, since the claim was not barred, the case is remanded for further proceedings in the Department of Revenue.

According to the brief of Meridian, the issue is:

Whether the 1989 Amendment to Wyo. Stat. § 39–6–410(c), which reduced the period for filing sales tax refund claims from three years to one year, should be applied retroactively to bar claims which arose before the amendment.

The Board in its brief said that the issue is:

Whether the establishment of a statutory remedy allowing the refund of taxes creates a vested right in taxpayer.

Meridian is contesting the determination by the Board that a 1989 amendment to Wyo.Stat. § 39–6–410(c) (1988), reducing the period for filing a sales tax refund claim from three years to one year, should be applied so as to bar its refund claim which had accrued before the effective date of the amendment. The claim had accrued more than a year before the effective date of the amendment. The position of the Board is that a taxpayer has no vested right to claim a refund because any refund

of taxes is solely an act of legislative grace, which may be extinguished at any time. By a letter dated December 29, 1989, Meridian sought a refund of $63,137.33 in sales taxes that it had paid on sales of its product to the Union Pacific Railroad Company. As it turned out, Union Pacific already had paid the required sales tax for those purchases directly to the Department of Revenue. The result was a duplication of payment of the tax. The payments by Meridian which duplicated the payments of the Union Pacific Railroad Company were made to the Department of Revenue in mid–1988. Under the statute then in effect, Meridian could have made a claim for refund later than it was actually submitted. The Department of Revenue denied the refund application of Meridian on the ground that it had not been submitted within one year of the overpayment. The statute in effect at the time Meridian made the overpayment provided, in pertinent part:

(c) Any license fee, tax assessment, penalty or interest which has been erroneously paid, collected or computed shall be credited against any subsequent tax liability of the vendor or may be refunded. No credit or refund shall be allowed after three (3) years from the date of overpayment. Any refund or credit erroneously made or allowed may be recovered in an action brought by the attorney general in any court of competent jurisdiction.

Wyo.Stat. § 39–6–410(c) (1988).

Subsequently, in 1989, the statute was amended with an effective date of February 22, 1989. As amended, the statute reads:

(c) Any license fee, tax assessment, penalty or interest which has been erroneously paid, collected or computed shall be credited against any subsequent tax liability of the vendor or may be refunded. No credit or refund shall be allowed after one (1) year from the date of overpayment. The receipt of a claim for a refund by the department shall toll the statute of limitations. All refund requests received by the department shall be approved or denied within ninety (90)

days of receipt. Any refund or credit erroneously made or allowed may be recovered in an action brought by the attorney general in any court of competent jurisdiction.

Wyo.Stat. § 39–6–410(c) (1989).

The three-year limitation on claims for refund had been in effect since 1937 at the time the foregoing amendment was adopted. It appears obvious that the legislature intended to provide for a more expeditious handling of claims for refund of sales taxes.

■ At the inception of our discussion, we recognize that the Board relies heavily upon the acknowledgment by this court of the rule that tax credit or refund statutes are a matter of legislative grace. *Matter of Black,* 775 P.2d 484 (Wyo.1989); *Atlantic Richfield Co. v. Board of County Commissioners, Sweetwater County,* 569 P.2d 1267 (Wyo.1977). We have not had occasion to invoke this rule with respect to an actual controversy, although we do not seriously doubt that it is sound. The natural progression of the rule is: If tax refund statutes are a matter of grace, then they may be repealed by the legislature without concerns for apparently vested rights. *See Southern Service Company Limited v. Los Angeles County,* 15 Cal.2d 1, 97 P.2d 963 (1940); *People ex rel. Eitel v. Lindheimer,* 371 Ill. 367, 21 N.E.2d 318, 124 A.L.R. 1472 (1939). The dates of these decisions make it evident that they were decided during the Great Depression, and it is not difficult to understand the social, political, and legal milieu which surrounded them.

■ However sound the rule may be that credit or refund statutes may be repealed by the legislature without concern for *apparently* vested rights, this case does not involve a repeal of the right. Instead, this case involves an amendment to the statute that reduces the period within which claims for refund may be presented, and that is a significant difference. We have held, as a general rule, that tax statutes will be construed to operate prospectively only if there is a doubt as to whether the statute was intended to have retrospec-

tive application. *Belco Petroleum Corporation v. State Board of Equalization,* 587 P.2d 204 (Wyo.1978). It is doubtful this statutory amendment was intended to apply retrospectively, although Section 2 of the amendment states: "This act does not apply to any claim for a refund received by the department before the effective date of this act." 1989 Wyo.Sess.Laws ch. 96. The amendment was effective on February 22, 1989. 1989 Wyo.Sess.Laws ch. 96, Section 3. The amendment was accomplished by passage of House Bill 201, which was introduced in the legislature on January 11, 1989 and passed the house on January 27, 1989. 1989 Digest of Senate and House Journal, p. 310.

■ If we were to accept the construction imposed in this case by the decision of the Board, we would be agreeing with the enactment of painfully obvious inequities. Prior to the introduction of House Bill 201, Wyoming taxpayers properly could rely upon the three-year limitation period in the existing statute for filing claims for tax refund. Had the legislature repealed the right to claim a refund, all taxpayers would have been treated alike. In this instance, however, the application of the statute, as it is construed by the Board, would have the effect of requiring taxpayers who had pending claims for refund that were more than a year old to proceed on what the law might become, rather than on the existing state of the law. To assume that taxpayers were required to file refund claims in that very short span of time between the introduction of the bill and its effective date on the assumption that it would pass, be signed into law, and become effective on that date, is to impose a requirement on citizens that they must follow the legislature's most esoteric operations and then act in the manner that they perceive will be required. We are satisfied that the law only requires citizens to know the status of the law, not what it might become in the future. *See Gaudina v. Haberman,* 644 P.2d 159 (Wyo.1982). One of the earliest opinions of this court addressed a related subject in this way:

The effect of retrospective remedies is inevitably to disturb the interests of involuntary and innocent parties, and to create general distrust of legislation. Hence, it is the violent presumption of the court, that whatever language a legislature may use in a remedial statute, it intends for the statute only a future operation, and the presumption will yield only when it is impossible to avoid a retrospective operation. The courts uniformly agree in this principle, and whatever differences they may exhibit in its application, must be attributed to the purpose of adhering to, not of the departing from, the principle. When the new statute was passed there were doubtless numerous judgments of the district courts of the territory as to which the first year from their rendition expired on December 15, 1877, or was so nearly expired on that day as to leave no opportunity for an appeal, provided the right of appeal was limited to a year from the rendition of the judgment. This construction bars the right of appeal upon these judgments, and turns the statute into simply capricious and oppressive legislation. Such mischief sufficiently illustrates the necessity and virtue of the principle above stated, and the duty of the courts rigidly to adhere to it. We see no reason for withholding the application of the principle from the present case.

*Lee v. Cook*, 1 Wyo. 413, 418–419 (1878). This court then held that the new statute, allowing one year for an appeal, would apply only to cases that arose after the effective date of the amendment, and the old statute, allowing three years for an appeal, would apply to causes that preceded it. *Lee*. It is indeed possible that this should be the rule in this case.

In *National Tailoring Co. v. Scott*, 65 Wyo. 64, 196 P.2d 387 (1948), we held that a statute, which amended a limitation period, may be treated as retrospective so long as the law allows a reasonable time to enforce a remedy that was available under the preceding law. In that case, we held that the ninety-day period between passage of the amendment and its effective date was not a reasonable time. We also iterat-ed the principle that this court will not construe a statute in a manner so as to make it unconstitutional if that construction can be avoided. *National.* If we were to adopt the Board's construction of the statute in this case, we would be required to hold that the amendment is unconstitutional for, at a minimum, it would violate Wyo. Const. Art. 1, § 6; Art. 1, § 8; and Art. 1, § 34, as well as Wyo.Stat. § 8–1–107 (1989).

Instead, we hold that the amendment to subsection (c) of § 39–6–410 must be construed to have a retrospective effect only to the extent that any claim for credit or refund must be filed within one year of the effective date of the amendment so long as it is not barred by the provisions of the prior statute. This construction provides a reasonable time for any taxpayer to exercise the pre-existing remedy, and it avoids imposition of a construction that would render the statute unconstitutional. *National;* 2 Norman J. Singer, *Sutherland, Statutes and Statutory Construction* § 41.09 nn. 13, 14 (Sands 4th ed. 1986 rev.). Under this holding, Meridian's claim for refund was filed within the time prescribed by law.

The decision of the Board is reversed, and this case is remanded to the Board for additional proceedings consistent with the opinion of the court.