In the Matter of the Injury to Edward SHAPIRO, an employee of: Jelco, Inc.

Edward SHAPIRO, Appellant (Petitioner),

v.

The STATE of Wyoming, ex rel. WORKER'S COMPENSATION DIVISION, Appellee (Respondent),

Jelco, Inc., (Respondent).

No. 84-276.

Supreme Court of Wyoming.

July 24, 1985.

Stephen R. Johnson, Gillette, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Terry J. Harris, Asst. Atty. Gen., Cheyenne, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

This appeal results from the granting of additional worker's compensation benefits under § 27–12–405(d), W.S.1977 (June 1983 Replacement). Appellant Edward Shapiro applied for and received additional benefits from the district court, but did not agree with the computation method used by the court.

We will affirm.

Appellant raises a single issue:

"Is the proper date to measure entitlement for additional benefits pursuant to W.S. 27–12–405(d) for an employee with continued zero earning power the date of the original injury?"

Appellant suffered a major heart attack on June 30, 1977, while in the employ of Jelco, Inc. He was awarded temporary total disability benefits in the amount of $806.09 per month from July 1, 1977, until October 14, 1977, when he received an award for permanent total disability in the

amount of $30,000 to be paid at the rate of $537.42 per month. Additionally, his children were awarded a monthly stipend during their minority.

On March 30, 1983, appellant was awarded additional benefits under § 27–12–405(d) in the amount of $500 per month for two years retroactive to July, 1982, the date the original benefits ran out. The court's order provided that these additional benefits would terminate in July, 1984.

On July 20, 1984, appellant again filed a petition requesting additional benefits. On September 25, 1984, the district court awarded additional benefits of $537.42 per month on a permanent basis, finding in part:

"5. That the employee currently has zero earning capacity, even though monthly expenses are substantial, and therefore the employee is entitled to additional benefits.

"6. That the appropriate date from which to measure entitlement is October. [June], 1977, the date of the injury.

"7. That ⅔ of the state's average monthly wage in October [June], 1977 was $537.42.

"8. That the Court erred in its 1983 Order when computing additional benefits to be $500.00 and therefore the employee is entitled to a lump sum payment of $898.00 (37.42 × 24).

"9. That the employee is entitled to receive additional compensation at a rate of $537.42 per month retroactive to July 1, 1984, during his lifetime and so long as his earning capacity remains impaired.

"IT IS THEREFORE ORDERED that the employee, Edward Shapiro shall receive a lump sum payment of $898.00.

"IT IS FURTHER ORDERED that the employee shall receive $537.00 per month additional benefits."

At the time of appellant's injury and the first time he was awarded additional benefits in March, 1983, § 27–12–405(d), W.S. 1977, provided in relevant part:

"(d) Upon the expiration of the period of time in which the amount awarded to the employee for permanent total disability would be paid in its entirety at the monthly rates fixed by law, the district court may award additional compensation to the injured employee for any continuing impairment of his earning power resulting from the original injury, subject to the following:

"(i) A claim for compensation must be filed by the employee, or by someone in his behalf, and a hearing held;

"(ii) The employee shall establish that his earning power has been and continues to be impaired by reason of the injury for which compensation was awarded;

"(iii) In determining whether there has been an impairment in the employee's earning power, the district court shall consider the amount which the employee is currently capable of earning in comparison with his earnings at the time of his injury;

"(iv) The maximum monthly amount of additional compensation shall not exceed two-thirds of the state's average monthly wage, less:

"(A) The employee's current monthly earning power, less taxes payable by the employee to the state or federal government on the earnings; and

"(B) The amount received monthly by the employee from any other state or governmental agency on account of disability resulting from the original injury."

In 1983, the legislature repealed subsection (d)(iv)(B) of § 27–12–405 quoted above. This repeal was effective May 27, 1983, and provided for retrospective application:

"Any living employee awarded additional compensation for permanent total disability under W.S. 27–12–405(d) before the effective date of this act shall be reimbursed for the total amount subtracted from his additional compensation pursuant to W.S. 27–12–405(d)(iv)(B)." Ch. 106, § 3, S.L. of Wyoming, 1983.

In calculating the maximum monthly amount of additional benefits to which appellant was entitled, the district court used

the state's average monthly wage in effect at the time of appellant's injury under § 27–12–405(d)(iv) which provides, "The maximum monthly amount of additional compensation shall not exceed two-thirds of the state's average monthly wage." Appellant contends the district court erred when it used the state's average monthly wage in effect at the time of his injury. Conversely, appellant urges that the district court should have awarded additional benefits based on the current state's average monthly rate at the time of application.

In reaching its decision to use the wage rate at the time of injury, the district court found:

"The additional benefits are ⅔ of the state's average monthly wage. The problem is to decide the date from which to measure. Mr. Shapiro claims entitlement at the current rate but that is not necessarily correct. The rate has varied substantially over the years, peaking at $1,255.06 in October, 1982. The rates at critical dates in·this case are:

| DATE | EVENT | MONTHLY AMOUNT |
|------|-------|----------------|
| June, 1977 | Date of injury | $ 537.42 |
| October, 1977 | Date of permanent award | $ 566.41 |
| July, 1982 | Date permanent award paid out | $1,237.77 |
| March, 1983 | Date of order for additional benefits | $1,011.22 |
| July, 1984 | Date of latest application for additional ·benefits | $ 971.38 |

"I conclude the appropriate date from which to measure entitlement is the date of injury. Several considerations lead to that conclusion. First, the permanent award is calculated as of the injury date. W.S. § 27–12–405(b). Second, changes to the statutes do not apply to injuries completely apparent and compensable before the change. Bemis v. Texaco, 400 P.2d 529 (Wyo.1965); Wyoming State Treasurer v. Schultz, 444 P.2d 318 (Wyo.1968). If the legislature intended retroactive application of increased rates it would have said so expressly as it did in requiring a refund of deductions. Third, it is unlikely the legislature intended to confer a bonus upon a person incapacitated beyond the payout period of the original permanent award. To compute Mr. Shapiro's additional discretionary benefits as of the expiration of his permanent award (July, 1982) would more than double his monthly entitlement and to use current rates would almost double it."

We are in accord with the district court's reasoning here. We have not been cited to, nor have we found, any case where this issue has been previously addressed by this court. Therefore, resort must be made to rules of statutory construction. When we look at the provisions of § 27–12–405(d)(iv) in pari materia with other relevant provisions, as we must, we find the district court was correct in using the state's average monthly wage at the time of the injury. When making an award of permanent total disability under subsection (b) of the same statute, such award is based upon "two-thirds (⅔) of the state's average weekly wage *at the time of the injury.*" (Emphasis added.) Section 27–12–405(b). Therefore, it seems logical to also use the average monthly wage in effect at the time of the injury when making an award of additional benefits under subsection (d) of the same statute, § 27–12–405(d).

It is true that the purpose and effect of worker's compensation statutes is to place the onus of industrial accidents upon industry and not the worker. To effectuate such purpose, worker's compensation statutes are to be liberally construed to protect employees who sustain injury while working. *Bauer v. State ex rel. Worker's Compensation Division,* Wyo., 695 P.2d 1048 (1985); and *Matter of Johner,* Wyo., 643 P.2d 932 (1982). But such statutes may not be so construed to cover situations clearly not within the intended ambit of such laws. *Abas v. Worker's Compensation Division,* 701 P.2d 1153 (Wyo.1985); *Matter of Van Matre,* Wyo., 657 P.2d 815 (1983); *Alco of Wyoming v. Baker,* Wyo., 651 P.2d 266 (1982). An employee's claim is governed by the laws in

effect at the time of injury. *Wyoming Refining Company v. Bottjen*, Wyo., 695 P.2d 647 (1985); and *In the Matter of Barnes*, Wyo., 587 P.2d 214 (1978). In the absence of express statutory authority, we are not at liberty to apply a remedial statute retrospectively. *Wyoming Refining Company v. Bottjen*, supra; and *Bemis v. Texaco, Inc.*, Wyo., 400 P.2d 529, reh. denied 401 P.2d 708 (1965).

In *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Schultz*, Wyo., 444 P.2d 313 (1968), an employee injured in 1962 filed an accident report some two and one-half years after injury seeking a permanent disability award. The district court awarded the employee permanent partial disability based on the maximum allowable compensation under the 1965 amendment to § 27–85, W.S.1957. The state appealed, contending the district court erroneously applied such amendment retrospectively. This court reversed the district court's award, finding that the court could not apply the 1965 amendment retrospectively; rather, the district court was directed to award benefits to the employee based on the statute in effect at the time of the injury.

In the present case, we find that the district court was correct in awarding appellant additional benefits based upon the state's average weekly wage at the time of the injury. When the legislature repealed subsection (d)(iv)(B) of § 27–12–405, it directed that such repeal be given retrospective effect. If the legislature had intended such effect be given subsection (d)(iv) of § 27–12–405, i.e., that additional benefits be awarded based upon the *current* state average weekly wage, it could have expressly directed so. Appellant would have us hold that the legislature intended additional benefits be awarded based upon the state's average weekly wage at the time of application and that such be recalculated each month to reflect the current wage.

We cannot adhere to such a view and decline to do so, noting that such a construction would create a plethoric morass of administrative difficulties.[1]

We find no error in the district court's award of additional worker's compensation benefits to appellant.

Affirmed.

THOMAS, C.J., filed a dissenting opinion, with whom ROSE, J., joined.

THOMAS, Chief Justice, dissenting, with whom ROSE, Justice, joins.

I must disagree with the result reached by the majority opinion and with the essential rationale for that decision. In light of our rule, recognized in the majority opinion, that the purpose and effect of the worker's compensation laws is to remove the burden of industrial accidents from the worker, and therefore these statutes should be liberally construed to protect the injured employee (*Bauer v. State ex rel. Wyoming Worker's Compensation Division*, Wyo., 695 P.2d 1048 (1985); *Matter of Johner*, Wyo., 643 P.2d 932 (1982)), I cannot justify a construction of a statute specifically designed to protect an injured employee and his family based upon a long-term continued impairment of his earning power which affords him about half of the amount needed. It is clear from the table encompassed in the quotation from the district court's decision that inflation had a substantial impact upon average monthly wages during the period between 1977 and 1983.

I cannot identify a retrospective application of a statute in this instance because the statutory language was identical at all relevant times. The only question to be decided is whether "two-thirds of the state's average monthly wage," used in § 27–12–405(d)(iv), W.S.1977, means two-thirds of the average weekly wage at the time of the injury or two-thirds of the

---

1. The dissent opines that there would be no conceived burden in recomputing the award each month to reflect the state's current average weekly wage. It is difficult to see how such a view can be supported given the current administrative workload in distributing worker's compensation benefits without having to additionally recompute the award each month.

average weekly wage at the time of the additional award.

It seems .to me that there is as much logic and more policy justification for equating "two-thirds of the state's average monthly wage" with the phrase "the state's average weekly wage rate as determined quarterly" which appears in § 27–12–405(b), W.S.1977, as there is to equating it with "two-thirds (⅔) of the state's average weekly wage at the time of the injury." The entire statutory plan must be read in pari materia to determine what the legislature intended. *Haddenham v. City of Laramie,* Wyo., 648 P.2d 551, 553–554 (1982), and the authorities there cited. This case demonstrates that the legislature knew how to use the qualifier "at the time of the injury" when it wished to so qualify the award, because it did so in § 27–12–405(b), W.S.1977. When language appears in one section, but is absent from the other, this court ought not to transfer the language, and should not add words to a statute under the guise of interpretation. *Wetering v. Eisele,* Wyo., 682 P.2d 1055, 1060 (1984); *Matter of Voss' Adoption,* Wyo., 550 P.2d 481, 485 (1976). The omission of words from a statute is to be considered intentional.

While other justifications might abound, the foregoing simply demonstrates that the language governing the award of additional benefits need not be limited necessarily to two-thirds of the average salary at the time of the injury. This simply leaves the section without qualification, and in order to discover if there is any limitation on the additional award this court ought to look at the purpose of the statute in question. The court should identify the mischief the statute was intended to cure. *State ex rel. Motor Vehicle Division v. Holz,* Wyo., 674 P.2d 732 (1983); *Saffels v. Bennett,* Wyo., 630 P.2d 505 (1981), overruled on other grounds, *Wetering v. Eisele,* Wyo., 682 P.2d 1055 (1984); *Basin Electric Power Cooperative v. State Board of Control,* Wyo., 578 P.2d 557 (1978).

It is apparent to me that in adopting § 27–12–405(b), the mischief the legislature intended to deal with was the economic plight of an injured worker whose disability continued beyond the period for which his initial award would support him and his family. The legislature wanted to avoid leaving this admittedly permanently disabled employee without sufficient support. A liberal construction of the statute would lead to providing adequate additional support benefits to the injured employee who still experiences difficulties beyond the initial five-year period of benefits provided for in § 27–12–405(b). In an inflationary economy, tying the additional benefits to the earlier average salary has the effect of defeating the purpose of the statute, which essentially vests the trial court with discretion to award a suitable amount.

I recognize that the statute does not require the trial court to award the two-thirds of the average salary at the time of the hearing; although it does appear that in this instance the trial court intended to award what it perceived as the maximum benefits. The court still would have the discretion, however, to award some lesser amount because the statute simply provides that the district court may award additional compensation. I therefore would be disposed to reverse the district court and remand the case for a determination as to the amount of additional award which the district court deemed appropriate, bearing in mind that it could award as much as two-thirds of the average monthly wage at the time of the award. I do not conceive that this imposes a burden upon the system to recompute the award each month thereafter.