**In The Matter of the Worker's Compensation Claim of:**

**Milton W. RODGERS, Appellant (Petitioner),**

v.

**STATE of Wyoming ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).**

No. 96–267.

Supreme Court of Wyoming.

June 6, 1997.

Rehearing Denied July 9, 1997.

Robert T. Moxley of Gage & Moxley, Cheyenne, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Sr. Assistant Attorney General; Bernard P. Haggerty, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Milton W. Rodgers petitioned the district court for review of a hearing examiner's order denying extended benefits under the Wyoming Workers' Compensation Act. The district court certified the case to this Court pursuant to WYO. R.APP. P. 12.09.

We affirm the order denying extended benefits.

## ISSUES

Rodgers presents these issues:

I. Did the Office of Administrative Hearings err in refusing to apply the law which was in effect on the date of injury, to the determination of a claim for extended benefits?

II. To what extent are the factors set forth in the new statute, [the term "new statute" is used throughout herein to denote W.S. § 27–14–403(g) (1977 as amended), while the term "old statute" is used to denote the repealed W.S.1977 § 27–12–405(d) (1983 Replacement Title 27), as amended in 1983.] (e.g., "passive" household income) specifically excluded from consideration in extended benefits claims under the old statute?

III. Does the extended benefits law applicable to this case allow the Division to reopen proceedings yearly and place the burden of proving the claim upon the injured employee?

IV. Are the previous orders providing for extended benefits res judicata under the pre–1986 law, which envisions a final order for a lifetime award of extended benefits absent significant change in circumstances?

Appellee Workers' Compensation Division (Division) restates the issues as:

A. Was the Hearing Examiner's decision to apply Wyo. Stat. § 27–14–403(g) (1987) in accordance with law?

B. Assuming, arguendo, that Wyo. Stat. § 27–12–405(d) (1983) applies, was the Hearing Examiner's denial of extended benefits in accordance with law?

## FACTS

In December of 1983, Rodgers injured his back and was awarded medical and temporary total disability benefits. The injury re-sulted in several more back surgeries, each of which increased his degree of permanent incapacity. During one of these back surgeries, Rodgers' neck was injured which necessitated three additional surgeries. Rodgers states his back surgeries resulted in several claims for total disability before the neck injury occurred, and one of these claims finally went to hearing in 1988 resulting in an adjudication that he had an 80% permanent partial disability. He further states that after another surgery, a settlement agreement with the Division designated him as having a 100% permanent partial disability,[1] and the total award was paid out in payments spread over the span of 257 weeks.

In 1993, Rodgers underwent another surgery, and in November of 1993, he petitioned to reopen his case and made a claim for total permanent disability at the same time that he applied for extended benefits. His petition stated he had exhausted his permanent partial disability award and because of an additional surgery he was now permanently totally disabled entitling him to that award and extended benefits. His petition requested extended benefits under Wyo. Stat. § 27–14–403(g) which was enacted in 1987. In December of 1993, the Office of Administrative Hearings (OAH) issued an order setting the hearing and stating the new statute would be applied to claims arising after July 1, 1987, and the old statute, Wyo. Stat. § 27–12–405 (1983), would be applied to claims arising before July 1, 1987. In May of 1994, Rodgers and the Division settled and agreed that he should receive a year of extended benefits at the permanent total disability rate of $999.88 per month. Their agreement stipulated that the primary issue of the contested case concerned whether or not Rodgers is in a permanently totally disabled status but also stipulated that Rodgers had been adjudged to be 100% disabled by the Social Security Administration. The Division reserved the right to contest the issue of total disability at a later date if it so chose. The agreement did not establish the date of total

---

1. According to Rodgers' Petition for Reopening of Case filed in 1993, "[t]he previous award of 100% permanent partial disability was a combination of a percentage impairment (less than 100%), added to a vocational impairment that, while it was expressed in a high percentage of wage loss and loss of job market access, did not reach the level of total unemployability as would be contemplated by the provisions of Wyo. Stat. §§ 27–14–102(a)(xvi) and 27–14–406."

disability and did not state which statute was used to determine the extended benefit amount.

In 1995, Rodgers reapplied for extended benefits, and the Division determined that his need was $584 per month for another year. The OAH issued an order awarding that amount and cited to the new statute. It stated that the parties had stipulated that Rodgers was totally disabled, but the order did not establish the date of total disability. Rodgers did not appeal the order. While Rodgers was receiving extended benefits, he applied for temporary total disability in connection with his third neck surgery. The OAH denied the claim, finding that Rodgers was totally disabled and had not proved his disability was temporary. When his 1995 extended benefits expired, Rodgers applied again for extended benefits, and the Division denied that request, ruling that Rodgers' family income was sufficient and he did not need the benefits. Rodgers requested and received a hearing to contest that denial.

At the hearing, Rodgers contended that his total disability injury occurred in 1983 and his latest application for extended benefits should be considered under the statute in effect at the time of his 1983 injury even though he had originally requested additional benefits under the statute which had gone into effect in 1987. Testimony at the hearing did not address the issue; however, during Rodgers' closing argument, the hearing examiner challenged Rodgers' attempt to apply the old statute, stating it was his understanding that the permanent total disability status had previously been established as occurring in 1989. Rodgers' counsel responded that his total disability injury was established as the back injury which occurred in 1983 and had caused Rodgers to be unable to work for 13 to 14 years. Rodgers' counsel asserted that the decision in *In Re Shapiro*, 703 P.2d 1079 (Wyo.1985), controlled and required that the date of the injury for total disability be established as 1983. The hearing examiner noted Rodgers had not established a record during the hearing about the course of his medical history which would establish the date of total disability. He asked whether Rodgers should have provided such an evi-

dentiary record to persuade him to depart from the law previously used. This inquiry elicited an answer in the negative and a statement that the new law was addressed in the context of a statute of limitations issue, but if it was determined that counsel had erred previously, the hearing examiner was not at liberty to apply the wrong law and must consider any waiver on his part to be limited to that particular year. He further explained that all of the awards for temporary total disability that Rodgers had received were calculated under the old act. The hearing examiner pointed out that he had no evidence that the awards were calculated in that way.

It was the Division's position at the hearing that because Rodgers had relied upon the new statute to get the first year of additional benefits, he had to rely on it for future benefits. It was Rodgers' position that the doctrine of res judicata did not apply but possibly the doctrine of waiver applied and he argued that if he did waive the old statute, his waiver was only effective for that year. The hearing examiner agreed that Rodgers was probably correct that the hearing examiner should apply the correct law unless principles of res judicata or waiver applied, and he invited Rodgers' counsel to supply cogent argument and relevant authority on the issue in the next ten days. The record does not tell us if he did so.

The hearing examiner issued an order which denied extended benefits, applying the new statute without discussion and without establishing the date of total disability. Rodgers appealed to the district court and the matter was certified to us pursuant to Wyo. R.App. P. 12.09.

## DISCUSSION

### Standard of Review

Wyo. R.App. P. 12.09 provides for judicial review of agency action according to Wyo. Stat. § 16-3-114(c), which states:

The reviewing court shall:

*    *    *    *    *    *

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; . . . .

WYO. STAT. § 16–3–114(c) (1990).

■ An agency's conclusions of law will be affirmed if they are in accordance with law. *Aanenson v. State ex rel. Workers' Compensation Div.*, 842 P.2d 1077, 1079 (Wyo.1992). Where the determination to be reviewed presents a mixed question of law and fact, *i.e.*, a conclusion reached through application of legal precepts to the historical and narrative events of a particular case, the reviewing court will defer to the agency's findings of basic fact but will correct misapplications of the law to those facts. *Aanenson*, 842 P.2d at 1080. If the agency has not invoked and applied the correct rule of law, we correct it. *Tenorio v. State ex rel. Workers' Compensation Div.*, 931 P.2d 234, 237 (Wyo.1997).

*Applicable Statute*

■ Rodgers contends WYO. STAT. § 27–14–403(g) (1987) does not apply and argues that WYO. STAT. § 27–12–405(d) (1983) applies because it was the "additional compensation" provision in effect at the time of his original injury which also was the time of his total disability injury. He refers us to *In Re Shapiro*, 703 P.2d 1079 (Wyo.1985), in which we ruled that the claimant should be paid the monthly average wage in effect at the time of the claimant's original injury. *Shapiro*, 703 P.2d at 1081–82. The Division argues that Rodgers' total disability occurred after § 27–14–403(g) replaced § 27–12–405(d) and refers us to *In Re Nielsen*, 806 P.2d 297, 299–301 (Wyo.1991), contending that *Nielsen's* rule has supplanted *Shapiro* and is now controlling. It argues our decision produced the rule that, generally, for the purpose of a permanent total disability award, an injury is deemed to have occurred on the date a 100% disability is established by medical authority.

Rodgers correctly tells us that *Shapiro* ruled that the statute in effect at the time of injury applies, and we are required to determine the date of injury. *Shapiro*, 703 P.2d at 1082. *Nielsen*, however, held that the injury date for total disability can be different from the date of the accident, and this holding requires that we decide when the total disability occurred. *Nielsen*, 806 P.2d at 299. *Nielsen* states that it is Rodgers' burden to establish when the total disability occurred and further instructs us that the date which is established will determine which statute was in effect and applies. *Id.* As our factual discussion establishes, Rodgers did not provide an evidentiary basis at the hearing establishing the date that total disability occurred, and nothing in the record permits a determination that Rodgers was determined to be totally disabled in 1983. All that can be determined from the record are several references to the fact that it was not until after 1988 that Rodgers was considered permanently totally disabled. Before 1988, he was adjudicated as permanently partially disabled.

*Nielsen* instructs that the particular facts of each case must be considered to determine the applicable statute, and that decision held that the claimant's injury is deemed to have occurred when the treating physician determined that the claimant was totally disabled. *Id.* at 300–01. In this case, Rodgers' injury for purposes of his new claim for permanent total disability and extended benefits is deemed to have occurred when he was found to be permanently disabled, in 1993–1994, by the parties' stipulation. We must affirm the order of the hearing examiner applying the 1987 statute which was in effect for that date. Our decision is dispositive of all the issues that Rodgers presented for our review, and the decision in this case is affirmed.