**In the Matter of the Worker's Compensation Case of Vernon D. OTTEMA, Appellant (Employee/Claimant),**

v.

**STATE OF Wyoming, ex rel., WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Respondent).**

**No. 97–119**

Supreme Court of Wyoming.

Dec. 4, 1998.

C. John Cotton of Cotton Law Office, Gillette, WY, for Appellant.

William U. Hill, Attorney General, and Gerald W. Laska, Senior Assistant Attorney General, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Appellant Vernon D. Ottema (Ottema) seeks review of the hearing examiner's denial of his 1995 application for extended permanent total disability benefits. Ottema claims the hearing examiner erroneously applied the 1987 provision regarding eligibility rather than the law in effect in 1985, the time of his original injury. Pursuant to our holding in *Rodgers v. State, ex rel. Workers' Compensation Div.*, 939 P.2d 246, 249 (Wyo.1997), we affirm the hearing examiner's order denying benefits.

## ISSUES

Ottema presents the following issues for our review:

A. Did the OAH and Division err in refusing to apply 1985 law to Mr. Ottema's 1985 injury, and in retroactively applying 1991 law as a basis for the denial of extended permanent total disability benefits?

B. Did the OAH err in allowing the Division to act in excess of its own statutory authority?

C. Do the Principles of Res Judicata and Judicial Estoppel preclude the Division from asserting that 1991 law applies?

D. Do the decisions of the OAH and Division constitute a deprivation of Mr. Ottema's rights to due process and equal protection in contravention of Article 1, Sections 2, 3, and 6 of the Wyoming Constitution, and the 14th Amendment of the United States Constitution?

Appellee, Worker's Compensation Division (Division), condenses the issues to two:

A. Was the Hearing Examiner's decision to apply Wyo. Stat. § 27–14–403(g) (1987), to a claimant who became totally disabled in 1990, in accordance with law?

B. Do prior extended benefit awards, through considerations of res judicata or equal protection, give a claimant a right to continued extended benefit awards?

## FACTS

In 1985, Ottema was severely injured in a logging accident, for which he received an 89.68 percent whole body impairment permanent partial disability award. Ottema accepted the payment of this award in a lump sum distribution. In 1991, Ottema submitted an application for permanent total disability benefits. The Division determined Ottema suffered additional partial disability which, combined with the Division's prior determination, amounted to 100 percent total permanent disability. In February 1992, a stipulated order was entered whereby Ottema accepted the additional award and the permanent total disability rating.

In 1992, 1993, and 1994, Ottema applied for and received extended permanent total disability benefits pursuant to W.S. 27–12–405(d) (1977), the statute in effect in 1985. Under that statute, the Division was to consider only the loss of earning power when determining eligibility for additional benefits. When Ottema applied for extended benefits in 1995, however, the Division abandoned its previous analysis and applied W.S. 27–14–

---

* Chief Justice at time of expedited case conference; retired November 2, 1998.

403(g), which became effective in 1987. Under this provision, eligibility for extended benefits is determined after consideration of the employee's income from all sources, including "any monthly amount from any other governmental agency." W.S. 27–14–403(g)(i)(C) (1987).

In 1995, Ottema received social security disability benefits totaling $10,885.20. The subsistence level of income, as determined by the United States Bureau of Labor Statistics, for a family of two (Ottema and his wife) was $10,420.00. Because Ottema's social security benefits exceeded the subsistence level, the hearing examiner denied the 1995 claim for additional disability benefits. Ottema filed a timely petition for review of this decision with the district court, and the case then was certified pursuant to W.R.A.P. 12.09.

## DISCUSSION

### Standard of Review

Under W.R.A.P. 12.09, our review is limited to matters specified in W.S. 16–3–114(c) (1997), which mandates that the reviewing court shall:

> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]

■ A hearing examiner's conclusions of law are afforded no special deference and will be affirmed only if truly in accord with the law. *Haagensen v. State, ex rel. Workers' Compensation Div.*, 949 P.2d 865, 867 (Wyo. 1997). Where the determination to be reviewed presents a mixed question of law and fact, *i.e.*, a conclusion reached through application of legal precepts to the historical and narrative events of a particular case, the reviewing court will defer to the hearing examiner's findings of basic fact but will correct misapplications of the law to those facts. *Rodgers v. State, ex rel. Workers' Compensation Div.*, 939 P.2d 246, 249 (Wyo.1997).

### Applicable Statute

■ Ottema contends the hearing examiner erred when he found that Ottema's only injury occurred in 1985, but determined his 1995 application is governed by the law in effect at the time of the latest application. We agree that this finding was error, and take this opportunity to reiterate our longstanding rule that the substantive law in effect at the time of the injury governs the receipt of benefits. W.S. 27–14–602(b) (1997). However, our decision in *Rodgers*, announced while Ottema's case was pending, controls the outcome of this case. Therefore, for reasons which depart from that of the hearing examiner, we affirm the denial of Ottema's benefits.

In *Rodgers*, the claimant alleged that the hearing examiner applied the wrong statutory provision when determining eligibility for extended disability benefits. Guided by our determination in *Claim of Nielsen*, 806 P.2d 297, 299 (Wyo.1991), where we held that "a single accident may give rise to more than one compensable injury," we applied the "two injury" analysis to Rodgers' claim for extended benefits as follows:

> Rodgers correctly tells us that *Shapiro* ruled that the statute in effect at the time of the injury applies, and we are required to determine the date of the injury. [*Matter of*] *Shapiro*, 703 P.2d [1079] at 1082 [ (Wyo.1985) ]. *Nielsen*, however, held that the injury date for total disability can be different from the date of the accident, and this holding requires that we decide when the total disability occurred. [*Claim of*] *Nielsen*, 806 P.2d [297] at 299 [ (Wyo. 1991) ]. *Nielsen* states that it is Rodgers' burden to establish when the total disability occurred and further instructs us that the date which is established will determine which statute was in effect and applies. *Id.* * * *
>
> *Nielsen* instructs that the particular facts of each case must be considered to determine the applicable statute, and that decision held that the claimant's injury is deemed to have occurred when the treating physician determined that the claimant was totally disabled. *Id.* at 300–01. **In this case, Rodgers' injury for purposes of**

*his new claim for permanent total disability and extended benefits is deemed to have occurred when he was found to be permanently disabled, in 1993–1994, by the parties' stipulation.* We must affirm the order of the hearing examiner applying the 1987 statute which was in effect for that date.

*Rodgers,* 939 P.2d at 249 (emphasis added).

Based on this holding, we are unable to uphold the hearing examiner's finding that Ottema suffered but one injury. Looking at the particular facts which stand uncontested in the record, it cannot be questioned that Ottema became permanently totally disabled while W.S. 27–14–403(g) (1987) was in effect. The first evidence of Ottema's desire to seek permanent total disability certification comes from a June 21, 1990 letter to the Division in which Ottema's attorney requested a permanent total disability application form. On December 17, 1990, Ottema visited a doctor who found Ottema to be permanently totally disabled. After Ottema applied for permanent total disability certification on May 13, 1991, the parties reached an agreement whereby Ottema would receive an additional partial disability award which, when combined with his previous awards, qualified him as permanently totally disabled. A stipulation to this effect was entered February 6, 1992.

Each of these events occurred within the effective dates of the 1987 version of W.S. 27–14–403(g)(i)(C). Consequently, the Division did not exceed its statutory authority in applying the 1987 provision to Ottema's 1995 claim, nor did the hearing examiner err in applying this law to the facts of Ottema's case.

### Res Judicata and Estoppel

■ Ottema contends that because the Division awarded extended benefits from 1992 through 1994 based on the 1985 provision, the Division is now precluded by the doctrines of res judicata or collateral estoppel from applying a different provision to his 1995 claim. In *Tenorio v. State, ex rel. Workers' Compensation Div.,* 931 P.2d 234, 238 (Wyo.1997), we said:

The doctrines of res judicata and collateral estoppel incorporate " 'a universal precept of common-law jurisprudence * * * ' " that a right, question or fact put in issue, and directly determined by a court of competent jurisdiction, cannot be disputed in a subsequent suit by the same parties or their privies. While the interest of finality served by these doctrines are the same, this court has carefully distinguished the two:

[A]lthough many cases speak of res judicata in the administrative context, they actually apply collateral estoppel. Collateral estoppel is the appropriate doctrine since collateral estoppel bars relitigation of previously litigated *issues.* * * * Res judicata on the other hand bars relitigation of previously litigated *claims* or causes of action.

(Citations omitted.)

■ As in *Tenorio,* Ottema's 1995 application for benefits is a new claim; therefore, the doctrine of res judicata does not apply. *Id.* Instead, Ottema must rely on the application of collateral estoppel, which we have expressly held to be "contrary to the intent of the legislature" as applied to the Division's uncontested award of benefits in a subsequent proceeding for an outstanding claim. *Id.,* at 240. In this case, the Division did not contest Ottema's earlier claims and has not attempted to recoup the benefits paid during the previous three years. Therefore, the Division's belated application of the 1987 law to Ottema's 1995 application is not precluded by collateral estoppel.

■ Neither is the Division barred by the doctrine of judicial estoppel. Judicial estoppel is a doctrine which precludes a party from asserting inconsistent positions in different judicial proceedings. *Matter of Paternity of SDM,* 882 P.2d 1217, 1224 (Wyo. 1994). "Under this doctrine, a party who by his pleadings, statements or contentions, under oath, has assumed a particular position in a judicial proceeding is estopped to assume an inconsistent position in a subsequent action." BLACK'S LAW DICTIONARY at 848 (6th ed.1990); *see also Paternity of JRW,* 814 P.2d 1256, 1265–66 (Wyo.1991).

 Whether judicial estoppel applies to administrative proceedings remains an unanswered question in our court. *See Erhart v. Flint Engineering & Constr.*, 939 P.2d 718, 723-24, n. 1 (Wyo.1997). That issue is not determinative here, however, because in no event will judicial estoppel apply to legal conclusions based on undisputed facts. *Bredthauer v. TSP*, 864 P.2d 442, 445 (Wyo. 1993). There are no contested facts in Ottema's case, and his previous awards were based on the Division's erroneous legal conclusion that the 1985 law applied. Therefore, judicial estoppel is inapplicable to Ottema's claims. Moreover, we discern no public policy which favors the payment of a worker's compensation claim based on the misapplication of the law. *See Tenorio*, 931 P.2d at 240. In sum, neither judicial estoppel nor any other preclusive doctrine prevents the Division from asserting that W.S. 27-14-403(g) (1987) controls Ottema's 1995 claim for extended benefits.

### Constitutional Issues

 Ottema maintains the legislative enactment of W.S. 27-14-602(b) renders the application of the 1987 provision to his 1995 claim a violation of his right to due process and equal protection of the law under WYO. CONST. Art. 1, §§ 2, 3 and 6. To prevail on his due process claim, however, Ottema must demonstrate a statutory entitlement to the benefits he seeks. *Peterson v. Sweetwater County School Dist. No. One*, 929 P.2d 525, 530 (Wyo.1996). Under the *Rodgers* analysis, the 1987 provision was the applicable law governing eligibility for worker's compensation benefits at the time Ottema suffered his second injury. Therefore, he cannot show a statutory entitlement to the application of the 1985 provision.

 Similarly, Ottema is unable to set forth a threshold requirement for an equal protection claim. A party asserting a violation of equal protection must establish that the law treats similarly situated persons unequally. *Ellett v. State*, 883 P.2d 940, 944 (Wyo.1994). Here, every worker who is injured and certified as permanently totally disabled after July 1, 1987, is subject to the application of W.S. 27-14-403. There is nothing in the record which indicates Ottema was treated differently than any other similarly situated worker. Therefore, his equal protection claim must fail.

### CONCLUSION

Under the analysis set forth in *Rodgers*, the hearing examiner did not err in applying W.S. 27-14-403(g) (1987) to Ottema's 1995 claim for extended benefits. Neither was the Division estopped from applying the correct law to this claim. Although we sympathize with Ottema's predicament, we must recognize that the purpose of extended benefits is to provide a safety net for permanently totally disabled workers. In compliance with the statutory language in effect at the time Ottema became totally disabled, the hearing examiner determined that Ottema did not qualify for that net. The order denying benefits is affirmed.