994 P.2d 934 (2000)
In the Matter of the WORKER'S COMPENSATION CLAIM OF: Wanda DeLAUTER, Appellant (Petitioner),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).
No. 98-281.
Supreme Court of Wyoming.
January 7, 2000.
*935 Representing Appellant: David A. Drell of Vlastos, Brooks, Henley & Drell, P.C., Casper, Wyoming.
Representing Appellee: Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Senior Assistant Attorney General. Argument by Mr. Haggerty.
Before THOMAS, MACY, GOLDEN, HILL, JJ., and KAIL, D.J., Retired.
GOLDEN, Justice.
Wanda DeLauter (DeLauter) appeals from a hearing examiner's order awarding her permanent total disability benefits in the amount of $167.94 per month. Relying on the statute in effect when DeLauter was injured and a set of facts to which the parties stipulated, the hearing examiner determined DeLauter was entitled to two-thirds of the statewide average monthly wage, minus the amounts she received in Social Security retirement and survivor's benefits. Holding that the hearing examiner invoked the incorrect statute, we remand for application of the correct statute.

ISSUES
DeLauter presents this statement of the issues:
1. Whether the Office of Administrative Hearings' Order Awarding Extended Benefits to the Employee-Claimant in the amount of $167.94 per month was arbitrary, capricious and an abuse of discretion, and otherwise not in accordance with law and, furthermore, not supported by substantial evidence.
The Division presents this statement of the issues:
The Hearing Examiner offset the Employee's Social Security retirement and death benefits against her workers' compensation extended permanent total disability award.
A. Was the Hearing Examiner's decision supported by substantial evidence, within her discretion, and in accordance with law?

FACTS
In March of 1984, DeLauter injured her right hand at work. Although she attempted *936 to return to work after the accident, her injuries required several surgeries and prevented DeLauter from working since June of 1986. The Division awarded DeLauter temporary total and permanent partial disability benefits. After surgery in February of 1996, DeLauter again received temporary total disability benefits for several months. In October of that year, however, the Division issued a Final Determination denying further temporary total disability benefits, saying:
TEMPORARY TOTAL CANNOT BE PAID AFTER 10-31-96 AS IT HAS COME TO THE DIVISIONS [sic] ATTENTION THAT YOU ARE RECEIVING SOCIAL SECURITY BENEFITS. YOU CANNOT BE TEMPORARILY DISABLED ON OUR SYSTEM AND PERMANENTLY DISABLED ON THEIR SYSTEM AT THE SAME TIME.
DeLauter objected to the determination, and the case was referred to the Office of Administrative Hearings.
Shortly before the hearing, DeLauter and the Division stipulated that she was permanently totally disabled and entitled to benefits. They further agreed that the only issue to be decided was the amount of benefits, in view of DeLauter's Social Security benefits. At the hearing DeLauter testified that she received Social Security payments of $293 per month as a retirement benefit, and $445 per month as a result of her husband's death. She also introduced evidence that her minimum monthly expenses were $1,630.
The hearing examiner issued an Order Awarding Extended Benefits, in which she awarded DeLauter $167.94 per month. That amount was determined in accordance with Wyo. Stat. § 27-12-405(d) (1983), the statute in effect at the time of DeLauter's accident, which provided in relevant part:
(d) * * * the district court may award additional compensation to the injured employee for any continuing impairment of his earning power resulting from the original injury, subject to the following: * * *
(ii) The employee shall establish that his earning power has been and continues to be impaired by reason of the injury for which compensation was awarded;
(iii) In determining whether there has been an impairment in the employee's earning power, the district court shall consider the amount which the employee is currently capable of earning in comparison with his earnings at the time of his injury;
(iv) The maximum monthly amount of additional compensation shall not exceed two-thirds of the state's average monthly wage, less:
(A) The employee's current monthly earning power, less taxes payable by the employee to the state or federal government on the earnings[.]
The hearing examiner concluded that DeLauter's $738 in monthly Social Security benefits constituted earning power, and subtracted that amount from the state's average monthly wage to arrive at a monthly benefit amount. DeLauter appealed the award to the district court, which certified the case to this Court pursuant to W.R.A.P. 12.09.

DISCUSSION

Standard of Review
Our standard of review for workers' compensation cases is quite clear:
The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. Tenorio v. State ex rel. Wyoming Workers' Compensation Div., 931 P.2d 234, 237 (Wyo.1997); Claim of Nielsen, 806 P.2d 297, 299 (Wyo.1991). Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. Matter of Corman, 909 P.2d 966, 970 (Wyo.1996); Aanenson v. State ex rel. Wyoming Workers' Compensation Div., 842 P.2d 1077, 1079 (Wyo.1992). We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. Matter of Gneiting, 897 P.2d 1306, 1308 (Wyo.1995); City of Casper v. Haines, 886 P.2d 585, 587 (Wyo. 1994).
Wright v. State ex rel. Wyoming Workers' Safety and Compensation Div., 952 P.2d 209, *937 211 (Wyo.1998). Because no facts are in dispute, our review is limited to determining whether the hearing examiner correctly applied the appropriate law when calculating the amount of DeLauter's permanent total disability payments.

Applicable Statute
The hearing examiner cited Duncan v. Laramie County Community College, 768 P.2d 593 (Wyo.1989), in determining that the workers' compensation statute in effect on the date of DeLauter's accident was applicable to this dispute. Duncan, however, does not support that position; the case is silent on that precise issue. The correct rule is that the statute in effect when DeLauter became permanently disabled controls. Rodgers v. State, ex rel. Workers' Compensation Div., 939 P.2d 246, 249 (Wyo.1997).
In Rodgers, we said that absent a physician's certification of permanent total disability we may accept the parties' stipulation that the claimant is disabled. Rodgers, 939 P.2d at 249. We further said that although the stipulation in that case did not specify the date of total disability, we would accept the date of the stipulation as the date of total disability. Id. As we stated in the factual discussion here, the parties stipulated that DeLauter was permanently disabled, but did not include the date of her disability. Therefore, the workers' compensation provisions in effect on the date of the stipulation control.
We reverse the Hearing Examiner's Order Awarding Extended Benefits, and remand for a determination under the appropriate statute.